## Commonwealth v. Harmon

*Harold S. Irwin, Jr.*, District Attorney, for Commonwealth.

No appearance for defendant.

SHUGHART, P. J., January 25, 1960. — The above named defendant has been confined in the Virginia State Penitentiary at Richmond, Va., since August 13, 1956. On August 29, 1956, an information was filed before a justice of the peace of Cumberland County charging defendant with the offense of armed robbery which is alleged to have occurred on July 30, 1956. On the basis of this information a warrant was lodged with the Virginia authorities to act as a detainer. Subsequently on May 6, 1957, a true bill was found on an indictment charging defendant with the offense of robbery while armed with an offensive weapon, and with an accomplice. Notice of this action has been transmitted to the authorities of the Virginia State Penitentiary to support the detainer lodged with the said authorities for defendant.

On October 6, 1959, defendant filed a paper with this court entitled "Motion for Speedy Trial and/or

Dismissal of Charge." An answer to this petition has been filed and subsequently the matter was listed for argument and is now before the court for a decision. Defendant contends that his constitutional guarantee of a speedy trial requires that he be brought before this court for disposition of the charges against him. As is the case with many of these applications, being drafted by persons without legal training, it is somewhat difficult to ascertain whether defendant seeks to have the indictment dismissed because he has not had a disposition of the same, or whether he desires that we bring him from the Virginia State Penitentiary into this State for the purpose of trial.

In the cases of Commonwealth v. Watson, 16 D. & C. 2d 190, and Commonwealth v. Jackson, 17 D. & C. 2d 685, Judges Sheely and Barthold were confronted with precisely the same problem as is presented by defendant here. In each of the cases the court concluded that the constitutional right of one charged with a crime to a speedy trial is not infringed where delay in bringing him to trial on indictment in a State court is attributable to the fact that he had been in a prison in another State. The courts held that his return to the State in which the indictment was pending is wholly discretionary with the authorities of the other State.

We are in complete accord with the conclusions reached in the two cases referred to. In each case the court reviewed the authorities with care and we deem it unnecessary to restate what was stated in those opinions. Under the circumstances the answer is the same whether defendant asked for dismissal of the charges or for a speedy trial. Since he cannot force this State to take action to bring him here for trial, he is not entitled to relief on either basis.

As is pointed out in the two cases above cited, the Act of June 28, 1957, P. L. 428, 19 PS §881, which permits a prisoner incarcerated in this State to request

disposition of other indictments pending against him in Pennsylvania does not apply to a prisoner confined in another State.

The Act of September 8, 1959, P. L. 829, 19 PS §§1431-1438, does seem to apply to defendant's situation. This act authorizes the entry into an interstate compact concerning detainers. It does not appear, however, that the State of Virginia is a party to the compact and the provisions of the act are therefore not at this time available to defendant.

And now, January 25, 1960, at 10 a. m., for the reasons given, defendant's motion for a speedy trial and/or dismissal of charge be and is hereby overruled. An exception is noted for defendant.