## Commonwealth v. Bressler

*Harold S. Irwin, Jr.*, District Attorney, and *Richard C. Snelbaker*, Assistant District Attorney, for Commonwealth.

*John H. Broujos*, for defendant.

SHUGHART, P. J., June 25, 1960.—"The above named defendant has been confined in the Virginia State Penitentiary at Richmond, Va., since August 13, 1956. On August 29, 1956, an information was filed before a justice of the peace of Cumberland County charging defendant with the offense of armed robbery which is alleged to have occurred on July 30, 1956. On the basis of this information a warrant was lodged with the Virginia authorities to act as a detainer. Sub-

sequently on May 6, 1957, a true bill was found on an indictment charging defendant with the offense of robbery while armed with an offensive weapon, and with an accomplice. Notice of this action has been transmitted to the authorities of the Virginia State Penitentiary to support the detainer lodged with the said authorities for the defendant."

The foregoing quotation from the opinion of this court filed concerning Robert Peter Harmon, the accomplice of the above defendant, correctly sets for the factual situation here involved. See Commonwealth v. Harmon, 10 Cumb. L. J. 113.

On May 9, 1960, the above defendant filed a paper entitled "Motion for Speedy Trial and/or Dismissal of Charge." An answer to this petition was duly made by the District Attorney of Cumberland County on May 10th. The matter was scheduled for argument before this court on May 24, 1960. When the "brief" prepared by defendant was filed with the court it was found that appended to the same was a paper entitled "Affidavit of Poverty and Request for Assistance of Counsel," in which paper defendant requested the court to appoint counsel to represent him in the various matters pending. Notice of this request was taken by the court and by order dated June 10, 1960, John H. Broujos, Esq., was appointed counsel for defendant and it was directed that reargument on the matter be held on June 21, 1960. Argument was held as directed, at which counsel for defendant, as well as the district attorney, presented oral argument. The matter is now before the court for a decision.

Defendant contends that his constitutional guaranty of a speedy trial requires that he be brought before this court immediately for disposition of the charges against him, or that the same be dismissed. Substantially the same question was raised by defendant's alleged accomplice in the case of Commonwealth v.

Harmon, supra. In that case we found that the contention was without merit, and we deem it unnecessary to repeat what was stated in that opinion. For the benefit of defendant we will direct that a copy of the opinion in that case be forwarded to him, together with a copy of the instant opinion.

Defendant does raise one question that was not posed in the Harmon case, supra. By the Act of September 8, 1959, P. L. 829, 19 PS §1431-1438, the Commonwealth of Pennsylvania entered into an interstate compact, concerning detainers placed for individuals incarcerated in institutions in other states, with all other jurisdictions legally joining in the adoption of the same compact. This act provides that a person imprisoned in a penal or correctional institution of a state that is party to the compact, who shall have pending in any other state any untried indictments which result in the placement of a detainer against him, shall have the right to be brought to trial on the pending charges within 180 days after taking the legal steps designated by the statute.

Defendant contends that an act of the General Assembly of Virginia in 1938 appearing in the Acts of Assembly of Virginia 1938, page 757, is so "similar" to the Pennsylvania Act referred to as to entitle him to the rights conferred by the interstate compact. We do not so interpret the Pennsylvania act. The Virginia act does provide that this court, by taking the proper legal steps, could, with the exercise of the discretion of the superintendent of the institution in which the prisoner is confined, and with the approval of the Governor of the Commonwealth of Virginia, have defendant returned here for trial. The Virginia statute, unlike the Pennsylvania statute, confers no right whatsoever upon the person incarcerated in the Virginia prison to demand disposition of any impending indictments in any other state. A reading of the Penn-

562

sylvania act, together with the cited statute of Virginia, discloses numerous other differences, which need not be referred to here. Suffice is to say that the Pennsylvania act does constitute an interstate compact with other states adopting the same act. The Commissioner of Corrections of Pennsylvania has been designated by the Pennsylvania statute to serve as administrator of and information agent for the agreement on detainers. This officer has advised us that the Commonwealth of Virginia is not a party to the interstate compact. Under these circumstances, defendant is not entitled to the benefit of the provisions of the Pennsylvania act. This petition must, therefore, be dismissed.

*Order of Court*

And now, June 25, 1960, at 10:00 A. M., for the reasons given, defendant's motion for speedy trial and/or dismissal of charge be and is hereby overruled. An exception is noted for defendant.