Commonwealth ex rel. DeMoss, Appellant, *v.* Cavell.

Submitted November 29, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Gus Alfred DeMoss*, appellant, in propria persona.

*Alan J. Davis*, Assistant District Attorney, and *Arlen Specter*, District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 4, 1967:
Petitioner, Gus Alfred DeMoss, is one of four men convicted of the 1955 felony murder of Lulu Rossman, the others being Raymond Wilson, R. W. Thomas, and Frank Ellsworth. This Court has affirmed the life

sentence, imposed after separate trials, of all the defendants except Ellsworth; twice we have granted Ellsworth a new trial because of errors below. *Commonwealth v. DeMoss,* 401 Pa. 395, 165 A. 2d 14 (1960), cert. denied, 365 U.S. 822, 81 S. Ct. 708 (1961); *Commonwealth v. Wilson,* 394 Pa. 588, 148 A. 2d 234, cert. denied, 361 U.S. 844, 80 S. Ct. 97 (1959); *Commonwealth v. Thomas,* 410 Pa. 160, 189 A. 2d 255, cert. denied, 375 U.S. 856, 84 S. Ct. 118 (1963); *Commonwealth v. Ellsworth,* 409 Pa. 505, 187 A. 2d 640 (1963) (new trial ordered because of admission in evidence of statements by co-conspirator implicating Ellsworth after conspiracy had terminated); *Commonwealth v. Ellsworth,* 421 Pa. 169, 218 A. 2d 249 (1966) (new trial ordered because of introduction of illegally seized evidence). The factual background of the homicide is set forth in the above cited opinions.

On direct appeal to this Court, petitioner's only contention was that the evidence against him was insufficient to sustain a conviction. Following our affirmance and the denial of certiorari by the Supreme Court of the United States, he filed a petition for a writ of habeas corpus in the federal district court, again alleging as his sole ground for relief the insufficiency of the evidence. Relief was denied. *United States ex rel. DeMoss v. Pennsylvania,* 198 F. Supp. 570 (E.D. Pa. 1961), aff'd, 316 F. 2d 841 (3d Cir.), cert. denied, 375 U.S. 859, 84 S. Ct. 123 (1963). Subsequently in 1965 petitioner again sought relief in the federal courts, but his petition was denied for failure to exhaust state remedies. The present appeal is from the denial, without a hearing, of a petition for habeas corpus filed in the Court of Common Pleas No. 8 of Philadelphia County.

In his petition, DeMoss alleges that his trial and conviction resulted in a deprivation of due process because: (1) the trial court committed error in permitting the

introduction of certain testimony; (2) he was denied the assistance of counsel during interrogation; (3) illegally seized evidence was improperly admitted; (4) he was denied his right to a speedy trial. We find all these contentions to be without merit.

The alleged trial errors are all matters which could have been raised on direct appeal and are accordingly not cognizable for the first time in the present petition. See, e.g., *Commonwealth ex rel. Butler v. Rundle*, 407 Pa. 535, 180 A. 2d 923, cert. denied, 371 U.S. 866, 83 S. Ct. 127 (1962). His right to counsel claim is controlled by *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966); see *Commonwealth ex rel. Wilkes v. Maroney*, 423 Pa. 113, 116, 222 A. 2d 856, 858-59 (1966).

As indicated above this Court recently ordered a new trial for one of petitioner's co-conspirators, Frank Ellsworth, because illegally seized evidence was introduced at Ellsworth's second trial. *Commonwealth v. Ellsworth*, 421 Pa. 169, 218 A. 2d 249 (1966). Petitioner alleges that the same illegal evidence was introduced at his trial and thus he is equally entitled to a new trial.

Petitioner, of course, relies upon *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684 (1961), wherein the exclusionary rule of *Weeks v. United States*, 232 U.S. 383, 34 S. Ct. 341 (1914) was incorporated into the Fourth and Fourteenth Amendments to the Constitution of the United States. *Mapp*, however, is not applicable to any conviction which became final before June 19, 1961, the date of that decision. *Linkletter v. Walker*, 381 U.S. 618, 85 S. Ct. 1731 (1965). Finality, for these purposes, is determined as of the time when the avenues of direct appeal, including the filing of a writ of certiorari in the Supreme Court of the United States, have been closed. Id. at 622 n.5, 85 S. Ct. at 1734 n.5. Thus petitioner's conviction became "final" on February 20,

1961, four months prior to *Mapp,* when his writ of certiorari was denied. 375 U.S. 859, 84 S. Ct. 123 (1963). In contrast, Ellsworth's conviction is not yet final.

*Mapp's* function is not to insure the reliability of the guilt determining process, cf. *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963), but rather to deter improper police practices and in the process protect the rights of all citizens. Tangible evidence, such as the illegally seized currency in the instant case, is no less reliable because of the method of its obtainment. Thus even though the evidence introduced in petitioner's and Ellsworth's trial was obtained at the same time by the same methods, petitioner is not entitled to a new trial. Cf. *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966).

Because approximately thirty-three months elapsed between petitioner's arrest and his trial, he now claims that he was denied his right to a speedy trial under both the federal and state constitutions. We cannot agree. In the first place, the delay was not the result of improper prosecutorial tactics, but rather because petitioner's co-conspirators were tried first and because of the complexity of issues involved in the prosecution's case. Under the circumstances the delay cannot be categorized as unreasonable. Secondly, petitioner knew about his impending trial during the entire period of his incarceration and has not alleged how, if at all, the delay prejudiced his own trial preparation. Finally, we note that petitioner did not object to the delay either prior to the actual trial or on his direct appeal to this Court. See *Commonwealth ex rel. Smith v. Patterson,* 409 Pa. 500, 187 A. 2d 278 (1963); *Finton v. Lane,* 356 F. 2d 850 (7th Cir. 1966); *United States ex rel. Giovengo v. Maroney,* 194 F. Supp. 154 (W.D. Pa. 1961).

As a second ground in support of his contention that he was denied a speedy trial, petitioner urges that

the provisions of the "180 Day Rule" were violated. Act of June 28, 1957, P. L. 428, 19 P.S. §881. This statute, however, by its clear language applies only to persons who have entered upon a "term of imprisonment" pursuant to a conviction. Hence it is not applicable to petitioner who, while awaiting trial, was not an individual who had entered upon a term of imprisonment.

Order affirmed.

Mr. Justice Cohen took no part in the consideration or decision of this case.