UNITED STATES of America ex rel. Joseph FIDTLER, Appellant,

v.

Edward J. HENDRICK, Supt. Phila. Prisons.

No. 17374.

United States Court of Appeals Third Circuit.

Submitted on Briefs Jan. 10, 1969.

Decided May 20, 1969.

Joseph Fidtler, pro se.

Roger F. Cox, Asst. Dist. Atty., Philadelphia, Pa. (James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, FORMAN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

Fidtler was indicted in the Court of Quarter Sessions of the Peace, Philadelphia County, at No. 2532: Count 1, for assault with an offensive weapon against Dr. David Collier with intent to rob him, and Count 2, for robbing Dr. Collier of currency, a watch and narcotics. Fidtler was also indicted at No. 2533 for the illegal possession of narcotics, the same narcotics which he took from the possession of Dr. Collier during the robbery. He was also indicted at No. 2534 for carrying a concealed deadly weapon, the same weapon that he used to rob Dr. Collier. He demurred to the evidence presented at No. 2534 (the concealed deadly weapon charge) and the demurrer was sustained. At No. 2533 (narcotics charge) he received a suspended sentence but this sentence was vacated.[1] He was tried to the court without a jury and was convicted at No. 2532 on both counts. See again Note 1, *supra*. Fidtler's judgment of conviction upon indictment No. 2532 was set aside and he was granted a new trial. He was put on trial a second time before a judge and a jury on this indictment and during the course of the trial, before the case was sent to the jury, a juror was withdrawn by the court because of certain statements made in the presence of the jury by Fidtler's counsel at Fidtler's suggestion and insistence. Fidtler was tried for the third time on No. 2532 and was convicted and sentenced to imprisonment. He seeks relief from the judgment of conviction last referred to and relief being denied him in the court below has taken the appeal at bar.

 Fidtler asserts that he has been put in double jeopardy because he was tried for a second and a third time on indictment No. 2532. His theory is that because he was tried on the con-

1. The record before us in chaotic and incomplete but there does not appear to have been any further trial on the indictment at No. 2533. For this reason, and also because of the sustained demurrer to the evidence at No. 2534, it is un- necessary to comment upon the multiplicity of the indictments growing out of the same act. We do find, however, that the record presently before us is sufficient to decide the issues presented.

cealed-deadly weapon charge at No. 2534 and his demurrer to the evidence was sustained, no evidence respecting the use of a revolver by him could be employed to prove his guilt on the indictment at No. 2532 and that therefore the charge of robbery with a deadly weapon could not be sustained. But there is no evidence in the record of any of the trials to prove that the revolver employed to rob Dr. Collier was concealed. The evidence was that Fidtler walked into Dr. Collier's office with the revolver stuck in his belt but that his coat was open and the weapon was visible. Further testimony was to the effect that the revolver was placed by Fidtler at the doctor's right temple. The trial court therefore properly sustained the demurrer to the evidence at No. 2534. It follows that the evidence given at the second and third trials of Fidtler on the indictment at No. 2532 did not place him in "double" jeopardy since only the issue of a concealed deadly weapon was sought to be tried at No. 2534 the demurrer to the evidence being sustained. Fidtler does not suggest, nor may he, that carrying a concealed deadly weapon may properly be deemed to be a lesser included element of the offense of aggravated robbery. See 18 P.S. §§ 4416, 4705. The Double Jeopardy Clause of the federal Constitution has not been made applicable to state-court criminal trials. See United States ex rel Melton v. Hendrick, 218 F.Supp. 293 (E.D.Pa.1963), aff'd 330 F.2d 263 (3 Cir. 1964), Hoag v. New Jersey, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958). See also Commonwealth v. Warfield, 424 Pa. 555, 227 A.2d 177 (1967).[2]

■■ Fidtler also contends that he was deprived of the benefits of 19 P.S. § 881, which requires the mandatory disposition of detainers lodged against persons imprisoned in any state, county or municipal penal institution. But the Supreme Court of Pennsylvania in Commonwealth ex rel. DeMoss v. Cavell, 423 Pa. 597, 602, 225 A.2d 673, 675 (1967), held that this Act applies "only to persons who have entered upon a 'term of imprisonment' pursuant to a conviction. Hence, it is not applicable to petitioner who, while awaiting trial, was not an individual who had entered upon a term of imprisonment." Fidtler was not denied a speedy trial required by the Sixth Amendment and made enforceable against the States by the Fourteenth Amendment. *Cf.* Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The decision in *DeMoss, supra,* is conclusive and binding both on the court below and on this court.[3] Hoag v. New Jersey, *supra.*

2. There are many other reasons why Fidtler's contentions as to double jeopardy must fail, but assuming *arguendo* that the double jeopardy clause of the federal Constitution is applicable to state-court trials, Fidtler's contention is without merit. It is settled that the doctrine of collateral estoppel "makes conclusive in subsequent proceedings only determinations of fact, and mixed fact and law, that were essential to the decision." Yates v. United States, 354 U.S. 298, 336, 77 S.Ct. 1064, 1086, 1 L.Ed.2d 1356 (1957). There was an express determination by the trial court that the evidence was insufficient to sustain the charge of carrying a concealed deadly weapon and therefore the demurrer to the evidence was sustained. See the discussion of this point in the body of this opinion, *supra.* We emphasize that the trial court made no determination that there was no weapon.

Fidtler's contentions also fail under the Pennsylvania law as well. Commonwealth v. Comber, 374 Pa. 570, 584, 97 A.2d 343, 349, 37 A.L.R.2d 1058 (1953), holds that whether a prior acquittal bars a subsequent proceeding depends on whether the first crime *"necessarily involves"* the second. It is apparent that the concealment of a deadly weapon does not necessarily involve aggravated robbery.

3. We point out that the court below in a petition filed at Misc. No. 3922, on December 11, 1967, required the Commonwealth to try Fidtler within seven days and if he was not so tried ordered his release on a writ of habeas corpus. The trial, Fidtler's third trial on indictment No. 2532, was held within the period ordered by the court below.

It is also clear on the present record that Fidtler had not exhausted his state remedies as of the time of the order of the court below appealed from in respect to the issues ruled upon in this opinion. We, of course, take this case upon the record that was before Judge Joseph S. Lord, III when he decided the instant application contrary to Fidtler's contentions. We note that Judge Lord denied Fidtler's contentions, having noted the pendency of post-trial motions in the state courts. 28 U.S.C. § 2254. We note also that Judge Lord denied Fidtler's prayers for relief "without prejudice". Fidtler may now seek such further relief as he may deem appropriate.

Other issues raised by Fidtler do not require discussion.

The judgment of the court below will be affirmed.