Commonwealth v. Woods, Appellant.

Submitted March 24, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph Michael Smith* and *Fitzpatrick and Smith,* for appellant.

*Norris Gelman,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 4, 1970:

In Appeal No. 216, October Term, 1970, the Order is affirmed.

In Appeal No. 242, October Term, 1970, the Judgment of sentence is affirmed.

CONCURRING OPINION BY SPAULDING, J.:

Appellant, Herbert Woods, appeals from a conviction on October 1, 1965, in Philadelphia County, for burglary, larceny, and receiving stolen goods. He was arrested July 30, 1964 and was not tried until October 1, 1965. His case was listed for trial and continued several times during that fourteen month interval, with only one continuance at his request.

Appellant contends that he was denied the right to a speedy trial in violation of the Sixth Amendment. I do not agree.

*Klopfer v. North Carolina,* 386 U.S. 213 (1967), made the Sixth Amendment right to speedy trial applicable to the States through the due process clause of the Fourteenth Amendment. In *United States v. Ewell,* 383 U.S. 116 (1966), the Court held that while purposeful or oppressive delay is a per se violation, delay due to proper procedural requirements shifts the issue to whether actual harm resulted. See *Commonwealth v. Stukes,* 435 Pa. 535, 257 A. 2d 828 (1969).

In the instant case, much of the delay was caused by appellant. He made efforts to retain private coun-

sel rather than accept representation by the Voluntary Defender. The continuances requested by the Commonwealth were necessary because various petitions of appellant were before this Court. When the petitions were withdrawn appellant was tried immediately.

Appellant concedes that he is not entitled to relief merely because of the fourteen month interval between the date of his arrest and the time of his trial. See *Commonwealth ex rel. DeMoss v. Cavell*, 423 Pa. 597, 601, 225 A. 2d 673, 675 (1967). He contends that the delay prevented him from establishing an alibi defense, in that by the time trial occurred one of his witnesses could not be found and the other could not remember seeing him at the time in question.

The viability of appellant's claim of prejudice is negated by several factors. The Voluntary Defender was not informed of the alibi for more than a month after they had first contacted appellant and entered their appearance. The trial testimony was overwhelmingly against him. Finally, during a colloquy with the sentencing judge, appellant offered an unsolicited admission of guilt.

For the above reasons I concur in affirming the decision of the court below.

CERCONE, J., joins in this opinion.