## Commonwealth v. Abrahams

*John H. Brydon*, District Attorney, for Commonwealth.

*Charles Haley*, for defendant.

DILLON, *J.*, June 25, 1975 — Defendant has made an application for dismissal of the above charges with prejudice on the ground that Pa.R.Crim.P. 1100 has been violated. Rule 1100(a)(2) provides that trial in a court case in which a written complaint has been filed against the defendant after June 30, 1974, shall commence no later than 180 days from the date on which the complaint is filed. Subparagraph (f) of this rule authorizes an application for dismissal as outlined above.

A hearing was held June 20, 1975.

The complaint at June term 1975, C. A. 3, was signed October 17, 1974. The preliminary arraignment was held before Magistrate George Stevenson February 19, 1975, and defendant was committed that date to the Butler County Prison. Preliminary hearing was waived February 28, 1975.

On June 2, 1975, the grand jury approved an indictment containing one count as to a bad check and a second count as to receiving stolen property. The complaints at March term 1975, C. A. 155, 156 and 157, were executed on August 5, 1974. Each transcript reveals that defendant was preliminarily arraigned before Magistrate William O'Donnell on February 10, 1975. Each transcript further reveals that on August 5, 1974, a detainer was placed against Michelle Ann Abrahams who was confined to Allegheny County Jail.

Lastly, each transcript notes that she was brought to Butler County on February 10, 1975, for arraignment and then committed to the Butler County Prison in lieu of $5,000 bond for the three charges.

Three separate indictments were returned by the grand jury on June 4, 1975, each approving a count of forgery.

We turn our attention to subparagraph (d) of this rule, which provides that in determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from "(1) the unavailability of the defendant."

Defense counsel states that 180 days has long passed and defendant is entitled to be discharged.

The District Attorney's position is that the period of her incarceration in Allegheny County Prison to wit, August 1974 until February 10, 1975, is excluded and thus they are within the 180-day rule in Butler County. This position has merit and is accepted by this court.

In the comment to Rule 1100, we read:

"For purposes of subparagraph (d)(1), in addition to any other circumstances precluding the availa-

bility of the defendant . . . the defendant should be deemed unavailable for any period of time during which . . . the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings."

It is noted that Rule 1100 does not suspend either the two-term rule, Act of March 31, 1860, P.L. 427, as amended, 19 P.S. §781, or the 180-day rule, Act of June 28, 1957, P.L. 428, 19 P.S. §881, which deals with the disposition of charges outstanding against a prisoner, upon his request for trial. In Commonwealth ex rel. DeMoss v. Cavell, 423 Pa. 597, 225 A 2d 673 (1967), decided that the 180-day rule under 19 P.S. §881 applied only to persons who have entered upon a term of imprisonment pursuant to conviction and is not applicable to a prisoner only awaiting trial.

Defendant is a prisoner only awaiting trial. She has, or had, charges pending in 10 counties in Western Pennsylvania. Her imprisonment in Allegheny County constitutes as absence under compulsory process and thus during this time, she is deemed unavailable for Butler County criminal process. Therefore, the 180 days from the date of complaint to trial has not run and the rule has not been violated; hence, this order.

## ORDER

Now, June 25, 1975, in conformance with the foregoing memorandum opinion, defendant's application for dismissal with prejudice of the charges at June term 1975, C.A. 3, and March term 1975, C.A. 155, 156 and 157, on the ground that Rule 1100 has been violated is denied.