Commonwealth *v.* Smihal, Appellant.

Argued September 24, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Archibald M. Matthews,* for appellant.

*Frank A. Orban, Jr.,* District Attorney, for appellee.

OPINION BY ERVIN, J., November 13, 1956:

This is an appeal from the refusal of the Court of Quarter Sessions of Somerset County to grant the defendant's motions in arrest of judgment and for a new trial after his conviction by a jury and sentence on a charge of fornication and bastardy.

December 31, 1942, the prosecutrix made information under oath before a Justice of the Peace, charging the defendant with fornication and bastardy, alleging the offense took place "on or about the 21 day of February A. D. 1942 and on various other dates after the date above mentioned. . . ." At the time of the making of the information the defendant was overseas in the U. S. Army, having been inducted into the service on April 29, 1942, and having gone overseas July 1, 1942. On January 8, 1943, the Justice of the Peace returned the information, stating thereon that the defendant was a fugitive from justice and that it was reliably re-

ported that he was a member of the armed forces of the United States. This information was filed January 11, 1943 and on January 25, 1943, the grand jury returned a true bill. On August 15, 1945 the defendant was discharged from the service and returned to his home near Windber, Pennsylvania. He continued to reside at his home, engaged in his usual work and his usual pursuits from that time until March 22, 1956, when he was arrested on a process issued on praecipe filed by the district attorney on March 3, 1956. Defendant entered bond for his appearance at the next term of court. When the case was called for trial on May 24, 1956, the defendant entered a plea of not guilty, and after trial the jury found him guilty. After refusal to grant defendant's motions for new trial and arrest of judgment the court below entered an order directing defendant to pay the costs of prosecution, pay the reasonable lying-in and medical expenses, pay the sum of $10.00 per month for 14 years and provided for monthly payments of the accrued maintenance charge and authorized the defendant to enter his own bond of $2,000.00. This appeal followed.

The prosecutrix testified she met the defendant in November, 1941. She testified that she kept company with him from November, 1941 until he was inducted into the Army in April, 1942. She also testified that she had sexual relations with the defendant on various occasions during the period between November, 1941 and April, 1942, the last occasion being on April 25, 1942 just prior to his induction. The evidence also reveals that the prosecutrix and defendant corresponded after the defendant's entry into the service but the prosecutrix testified that she received no further letters from the defendant after she wrote to him and advised that she was pregnant. Defendant denied having sexual relations with the prosecutrix prior to his in-

duction but admitted that he "picked her up maybe" and had written to her subsequent to his induction.

Defendant contends he was denied a speedy trial in violation of his constitutional rights. Article I, Section 9, of our Constitution provides that "In all criminal prosecutions the accused hath a right to . . . a speedy public trial by an impartial jury of the vicinage. . . ." The trial of the defendant was not held until 13 years after he was indicted and 11 years after his return home from the armed services. However, when the indictment was submitted to the grand jury on January 25, 1943, it was done so on the basis that the defendant was a fugitive from justice. Defendant, insofar as the Commonwealth was concerned, continued in the status of a fugitive from justice and was thus unavailable for trial until his whereabouts were ascertained by the prosecutrix on March 2, 1956. On the following day the prosecutrix brought the matter to the attention of the district attorney. Defendant was arrested on March 22, 1956 and was tried at the next term of court on May 24, 1956. It is therefore apparent that the defendant was given a speedy trial after he became aware of the charge against him and after the district attorney had knowledge of his whereabouts.

The question of delay in bringing him to trial in violation of his constitutional right to a speedy trial should have been raised by the defendant in a motion to quash the indictment. As stated in 8 R.C.L. §28, p. 74: "The right of the accused to a discharge for the failure of the prosecution to put him on trial within the required time may be waived by his own conduct. He must claim his right if he wishes its protection. If he does not make a demand for trial, or resist a continuance of the case; or if he consents to continuances, or *if he goes to trial without objecting that the time limit has passed,* or if he does not

make some kind of an effort to secure a speedy trial, he will not be in a position to demand a discharge because of delay in prosecution." (Emphasis added) Under the circumstances here the defendant must be deemed to have waived his constitutional right to a speedy trial.

Defendant also contends the learned trial judge erred in his charge when he, in effect, instructed the jury to consider the indictment as evidence. The part of the charge which defendant contends was error reads as follows: "Let us say to you in connection with the paper prepared in the Squire's office, when you or anybody else would go to the Squire's office and want to make an information and swear out a warrant against another that is what is done in the Squire's office, and on the basis of that then the matter comes into court down here and filed in the office of the Clerk of Courts and then comes over to the District Attorney's office where the bill of indictment is prepared and that bill of indictment is what then goes to the Grand Jury, *and it is that bill of indictment that you consider,* and where they say on or about the 21st of February, 1942, on or about could have been before or after the 21st of February, 1942, in this case, *and the District Attorney pointed out to you there must have been sufficient evidence before the Grand Jury on the bill of indictment which would have led them to believe that there was sufficient evidence for reasonable probable cause to prefer the charges. You will take all of that into consideration in this case."* (Emphasis added)

An indictment is a final accusation by the grand jury charging a person with the commission of a crime, and such charge, in itself, is no indication of an accused's guilt. An indictment is not evidence and a conviction resting upon an instruction that it may be so

regarded will be set aside. *Com. v. Johnson,* 153 Pa. Superior Ct. 437, 34 A. 2d 170. The portion of the charge of the learned trial judge quoted above was tantamount to an instruction to the jury to consider the bill of indictment as evidence of the defendant's guilt. In effect this instruction indicated the burden of proof was upon the accused. The onus of proof in a criminal action, except where there is an affirmative defense, never shifts from the Commonwealth to a defendant. *Com. v. Wood et al.,* 118 Pa. Superior Ct. 269, 179 A. 756. The presumption of innocence is founded upon the first principles of justice and is not a mere form but a substantial part of the law. It is not overcome by the fact that a defendant has been arrested and indicted. 1 Wharton's Criminal Evidence, §93. We are all agreed there was error in the charge of the learned trial judge. Our decision of this point will require a new trial and make unnecessary the consideration of the other questions raised on this appeal.

Judgment of sentence reversed and new trial awarded.