Commonwealth *v.* Roundtree, Appellant.

352

Argued January 18, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Robert S. Robbins,* for appellant.

*David Richman,* Assistant District Attorney, with him *Clifford Haines* and *James J. Ranney,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 16, 1974:
On February 28, 1973, appellant was convicted in a nonjury trial of second degree murder for the stabbing

death of one Nathaniel Davis on November 10, 1966.
Following the denial of his post-trial motions, he filed
a direct appeal in this Court,[1] alleging that he was
denied his right to a speedy trial. For the reasons
stated below, we affirm.

On the night of the murder, witnesses had observed
the appellant and another man assaulting Davis, fol-
lowing an incident in a bar. Roundtree was arrested at
the scene. A preliminary hearing was held later in
November, 1966, and appellant was indicted for murder
in December, 1966. An arraignment scheduled March
1, 1967 was aborted when appellant failed to appear;
a bench warrant which was issued for him was lifted in
mid-March. Whether a formal arraignment was ever
held is unclear,[2] but it does appear that at some point
appellant was freed on bail, and remained free through-
out the period preceding trial.

There apparently was no action in the case until
1970, when it was listed for trial, but then continued.
No further action was taken in the case until the fall
of 1972, when the appellant was arrested on an unrelat-
ed charge. A routine records check divulged that there
was an untried homicide charge pending against him.

At the hearing on the post-trial motions, it was as-
certained that while appellant had been represented
by counsel at least through the preliminary hearing, he
had no counsel from the spring of 1967 until October,
1972, when the court appointed his present counsel.
Trial was set for December, 1972, but was continued

---

[1] Act of July 31, 1970, P. L. 673, No. 223, art. II, §202, 17 P.S. §211.202(1).

[2] The original file in this case was apparently lost in the court of common pleas sometime between arrest and the listing for trial in 1970. An "improvised record" was constructed by the clerk of courts. The recitations in the main text of the events following arrest are derived from this record and the evidence adduced at a hearing on post-trial motions.

because the Commonwealth could not locate its witnesses. The case was finally brought to trial on February 26, 1973, over six years from the date of the killing.

The sole question raised on this appeal is whether, as appellant contends, he was denied his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.[3] Although the delay of over six years between arrest and trial would ordinarily act as a "triggering mechanism" to a further inquiry to determine whether appellant had been denied his right to a speedy trial, *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972), we need not make that further inquiry in this case, since we hold that appellant has waived his right to a speedy trial.

In Pennsylvania, the proper procedure for objecting to the length of delay in being brought to trial is a motion to quash the indictment. *Commonwealth v. Gates*, 429 Pa. 453, 455, 240 A.2d 815 (1968); *Commonwealth ex rel. Smith v. Patterson*, 409 Pa. 500, 503, 187 A.2d 278 (1963);[4] *Commonwealth v. Smihal*, 182 Pa. Superior Ct. 232, 236, 126 A.2d 523 (1956). Failure to properly object constitutes a waiver of the right to a speedy trial. *Gates, supra; Commonwealth ex rel. DeMoss v. Cavell*, 423 Pa. 597, 601, 225 A.2d 673

---

[3] A subsidiary contention is also advanced by appellant to the effect that the trial court should have placed upon the Commonwealth the burden of proving unusual circumstances to justify the delay. Because we do not reach the merits of appellant's speedy trial claim, we likewise find it unnecessary to consider this argument.

[4] In *Commonwealth ex rel. Smith v. Patterson*, 409 Pa. 500, 503-504, 187 A.2d 278 (1963), this Court indicated that where the defendant has moved to nolle pros. the indictment, this would be sufficient to preclude a waiver of the right to a speedy trial, even though such a motion is not technically proper in such an instance.

(1967); *Patterson, supra; Smihal, supra,* at 236-37. *See also* A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial §4.1 (Approved Draft, 1968). In the case at bar, appellant did not assert his right to a speedy trial either before or during trial; the issue was first formally raised in post-trial motions, after trial had been had and a verdict of guilty of second degree murder returned. The trial court was correct in concluding that this was too late.[5] See *Commonwealth v. Agie,* 449 Pa. 187, 189, 296 A.2d 741, 741 (1972); Cf. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

Our decision today, of course, in no way condones the inordinate delay which occurred in bringing this appellant to trial. This Court's concern about such delays, and the steps recently taken to end them, are well known. See *Commonwealth v. Pearson,* 450 Pa. 467, 303 A.2d 481 (1973); *Commonwealth v. Jones,* 450 Pa. 442, 299 A.2d 288 (1973); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972); Pa. R. Crim. P. 1100, 19 P.S. Appendix (1974-75).[6] While the delay in this case appears to have been due to bureaucratic

---

[5] The trial court, nevertheless, went on to consider fully the speedy trial argument on its merits. Analyzing the facts in this case in light of the criteria in *Barker v. Wingo,* 407 U.S. 514, 33 L.Ed.2d 101 (1972), it concluded that there had been no denial of speedy trial either under the Sixth Amendment of the United States Constitution or its Pennsylvania counterpart, Art. I, Section 9.

[6] This Rule was adopted June 8, 1973 and was effective prospectively as therein set forth, and had no application to the case at bar. It provides, *inter alia,* that trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than 180 days from the date on which the complaint is filed.

oversight rather than to any purposeful strategy, and, as the trial court concluded, may not in fact have been prejudicial, the fact remains that a six-year delay between complaint and trial is inexcusable.

Judgment affirmed.

Mr. Justice EAGEN and Mr. Justice NIX concur in the result.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

Appellant's speedy trial claim was not raised in the trial court until post-trial motions. Since the question was not timely raised, it may not be considered on appeal. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974); *Commonwealth v. Agie,* 449 Pa. 187, 189, 296 A.2d 741, 743 (1972).

To the extent the majority intimates that a motion to quash is the exclusive means of raising a speedy trial claim, I cannot agree. While this claim must be raised before the trial is commenced,* it may also be presented via some other procedural device. For example, in *Commonwealth ex rel. Smith v. Patterson,* 409 Pa. 500, 187 A.2d 278 (1963), the defendant moved to nolle pros the indictment for failure to afford a speedy trial. This Court reversed the judgment of sentence and discharged the appellant, Mr. Justice EAGEN writing for a unanimous court: "Undoubtedly, the proper legal motion should have been to quash the indictment. However, the law is not so rigid as to base a deprivation of constitutional prerogatives upon a

---

* Cf. *Commonwealth v. Gates,* 429 Pa. 453, 455, 240 A.2d 815, 816 (1963); *Commonwealth ex rel. DeMoss v. Cavell,* 423 Pa. 597, 601, 225 A.2d 673, 675 (1963); see also ABA Project on Standards for Criminal Justice, Standards Relating to Speedy Trial § 4.1 (Approved Draft, 1968).

mere unfortunate choice of legal terminology by defense counsel." 409 Pa. at 503-04, 187 A.2d at 279.

I concur in the result.

