353 A.2d 436

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence HILL, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 18, 1975.

Decided March 17, 1976.

Joseph V. Furlong, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Lawrence Hill, was tried by a judge and jury and found guilty of murder in the first degree, burglary and violation of the Uniform Firearms Act. Post-trial motions were denied and appellant was sentenced to life imprisonment for the murder conviction, five to ten years for burglary and two and one-half to five years for the firearms conviction, all to run consecutively. This appeal followed.

Appellant's convictions arose out of the murder of Diane Mayo and burglary of the premises at 5048 Tacoma Street in the City of Philadelphia, on December 15, 1971.

Appellant argues that he is entitled to a supplemental suppression hearing in order to present facts which could establish that his confession was the product of an unnecessary delay between his arrest and arraignment. At appellant's suppression hearing, a police officer who interrogated appellant after his arrest testified that some four and one-half hours after the arrest and prior to arraignment, appellant "gave an oral incriminating statement." When defense counsel sought to inquire as to the contents of the statement, he was not permitted to do so by the suppression judge. Defense counsel then sought to obtain a record of the oral statement to test the truthfulness of the statement that appellant had in fact given an oral incriminating statement. The suppression judge, erroneously treating the request of defense counsel as a pre-trial discovery application under Pa.R.Crim. P. 310, denied defense counsel's request for the statement.

In our opinion, defense counsel, in the facts of the instant case, was entitled to examine the alleged inculpatory statement given by appellant four and one-half hours after his arrest. Appellant was attempting to suppress

his confession under our *Futch* rationale, (447 Pa. 389, 290 A.2d 417), and it therefore becomes highly relevant to find out if the inculpatory statement in fact existed and, if so, the nature of its contents. The suppression judge needed to be aware of the statement in order that he could determine whether the statement was inculpatory, thereby making the further questioning of appellant, after the original inculpatory statement was given, irrelevant for the purpose of determining the unnecessary delay period. Cf. *Commonwealth v. Cherry*, 457 Pa. 201, 321 A.2d 611 (1974). Appellant in the instant case, having challenged his statement under our *Futch* rationale, is certainly entitled to have access at his suppression hearing to the statement that could establish his claim.

Case remanded for a supplemental suppression hearing consistent with this opinion. If appellant's claim is denied he will be entitled to file a new appeal raising all other issues he had previously raised in this court.

JONES, C. J., and ROBERTS and POMEROY, JJ., concur in the result.