364 A.2d 1359

**COMMONWEALTH of Pennsylvania**

v.

**William ROUNDTREE, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted March 29, 1976.

Decided Oct. 20, 1976.

242

244

Marshall E. Kresman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

This is an appeal from the denial of a petition for relief under the Post Conviction Hearing Act (PCHA).[1] Appellant, William Roundtree, was convicted in a nonjury trial on February 28, 1973, of murder in the second degree for the stabbing death of one Nathaniel Davis. The murder occurred on November 10, 1966, and appellant was arrested at the scene. A preliminary hearing was held later in November 1966 and in December 1966 appellant was indicted for murder.

No action was taken in the case until 1970, when it was listed for trial but then continued. There was no further action in the case until the fall of 1972, when the appellant was arrested on an unrelated charge. A routine records check revealed the pending homicide charge. The case was finally brought to trial on February 26, 1973, more than six years from the date of the killing. The inordinate delay was the result of the admitted negligence of the Commonwealth in losing the Quarter Session file and the unexplained placing of William Roundtree's indictment on the deferred indictment list for a portion of the six-year period.

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq.

■■ On direct appeal in this case,[2] decided in 1974, the sole issue raised was whether appellant was denied his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. This Court, at that time, did not find it necessary to reach the merits of appellant's argument since we concluded that appellant had waived his right to a speedy trial.[3]

■ The threshold question[4] in this appeal is whether appellant failed to receive effective assistance of trial counsel during his trial for the murder of Nathaniel

2. *Commonwealth v. Roundtree*, 458 Pa. 351, 326 A.2d 285 (1974).

3. The proper procedure for objecting to the length of delay in being brought to trial is a motion to quash the indictment. *Commonwealth v. Gates*, 429 Pa. 453, 455, 240 A.2d 815 (1968); see Pa.R.Crim.Proc. 304, 305. Failure to properly object constitutes a waiver, absent extraordinary circumstances, of the right to a speedy trial. *Commonwealth v. Roundtree*, 458 Pa. 351, 354, 326 A.2d 285, 287 (1974). Appellant's counsel did not assert appellant's right to a speedy trial either before or during trial. The issue was not formally raised until after trial had been completed and a verdict of guilty of murder in the second degree returned.

4. Unless appellant established that he was denied his constitutional right to effective assistance of counsel he has waived his right to litigate the additional issues which he raises in this appeal. *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973).

Appellant's contention that his guilty plea was involuntary in that it was not knowingly and intelligently made was cognizable on direct appeal and his failure to so raise it, absent "extraordinary circumstances," constitutes a waiver pursuant to Section 4(b) of the Post Conviction Hearing Act, *supra*. *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611, 612 (1975). Furthermore, appellant's claim that he was denied his constitutional right to speedy trial, unless due to "extraordinary circumstances," was waived within the context of Section 4(b) of the PCHA, *supra*, in light of this Court's decision in *Commonwealth v. Roundtree, supra. See also Commonwealth v. Schmidt*, 452 Pa. 185, 299 A.2d 254 (1973); *Commonwealth v. Waddy*, 463 Pa. 426, 345 A.2d 179 (1975).

This Court has held that ineffectiveness of counsel is such an "extraordinary circumstance" as provided in Section 4(b)(2) and, therefore, negates a finding of waiver. *Commonwealth v. Musser*, 463 Pa. 85, 343 A.2d 354 (1975); *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973).

Davis.[5] It is the failure of trial counsel to timely raise the speedy trial claim which is the crux of the present contention of ineffective counsel.

"The right to representation by counsel to be meaningful necessarily includes the right to effective representation." *Commonwealth v. Wideman*, 453 Pa. 119, 123, 306 A.2d 894, 896 (1973). There is, however, a presumption that counsel's representation was competent, *Commonwealth v. Murray*, 452 Pa. 282, 305 A.2d 33 (1973); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), and it is an accepted principle within our criminal justice system "that certain decisions during trial are within the exclusive province of counsel." *Commonwealth v. McGrogan*, 449 Pa. 584, 297 A.2d 456 (1972). In cases of this nature we are required to make an independent review of the entire record and an examination of counsel's "stewardship" of the now challenged proceedings in view of the available alternatives. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth ex rel. Sprangle v. Maroney*, 423 Pa. 589, 225 A.2d 236 (1967). In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 325 A.2d 344, 352–53 (1967), the test to be employed in determining whether counsel was effective was set forth:

". . . our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alter-

---

5. Appellant was represented by the same counsel on direct appeal as he had at trial. At the PCHA hearing and on this appeal appellant had different counsel. For this reason appellant is not precluded from raising the issue of ineffective counsel by Section 4(b) of the PCHA. *Commonwealth v. Smallwood*, 465 Pa. 392, 350 A.2d 822 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 100–01, 331 A.2d 435, 438 (1975).

natives were more reasonable, employing a hindsight evaluation of the record."

It follows, that if an independent examination of the record reveals a reasonable basis for the strategy employed by counsel,[6] that strategy is imputed to the appellant.[7] *Commonwealth v. Sullivan*, 450 Pa. 273, 299 A.2d 608 (1973). The Court will not substitute its determination for that of counsel as to what course of action would have been more effective in promoting the client's interest. Rather, the only inquiry is whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered as advancing and protecting the appellant's interest. *See Commonwealth v. Hill*, 450 Pa. 477, 482, 301 A.2d 587, 590 (1973). As we have acknowledged before, our primary concern is whether the accused's rights have been adequately protected. *Commonwealth v. Pride*, 450 Pa. 557, 301 A.2d 582 (1973).

In the instant case the inordinate delay itself should have been sufficient to trigger in the attorney's mind that there existed a reasonable basis for pursuing a motion to quash the indictment on the ground that the

**6.** It is unnecessary for us to make an initial determination that appellant was prejudiced by counsel's ineffectiveness. "Since our test requires that we examine the approach employed by trial counsel in light of the available alternatives, a finding of ineffectiveness could never be made unless we concluded that the alternative not chosen offered a potential for success substantially greater than the tactics actually utilized." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605 n. 8, 235 A.2d 349, 353 n. 8 (1967). If there was no reasonable basis supportive of trial counsel's decisions, then his decisions undoubtedly were prejudicial to his client.

**7.** In *Commonwealth v. McGrogan*, 449 Pa. 584, 589 n. 14, 297 A. 2d 456, 459 n. 14 (1972), this Court quoted with approval the following portion of Judge Waterman's dissenting opinion in *United States ex rel. Bruno v. Herold*, 408 F.2d 125, 139 (2nd Cir. 1969): "[A] waiver [is] imputable to the accused only when his counsel's decision is a deliberate one made by counsel affirmatively to enhance, in counsel's judgment, the accused's chances, and that just a mere default by counsel is not imputable to an accused as a waiver of his rights." *See also* Note, 78 Harv.L.Rev. 1434 (1965).

accused's right to a speedy trial had been violated. *See Commonwealth v. Roundtree*, 458 Pa. 351, 356, 326 A.2d 285, 287 (1974). Contrary to the position articulated by the Commonwealth, that the decision not to raise the speedy trial issue was a calculated trial tactic by counsel, it clearly appears that the failure to pursue the speedy trial claim was not a deliberate "informed choice" employed to advance the client's interest. Instead, the failure to assert the speedy trial claim apparently resulted from either oversight or lack of preparation.[8] Such an explanation is totally unacceptable for establishing a "reasonable basis" for counsel's failure to argue the speedy trial claim. *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974). Indeed, it would be difficult to construct an argument which would bolster the position of the Commonwealth, that the failure to raise the issue of denial of speedy trial under the circumstances of

8.  Indeed, when questioned as to his reasons for not advancing the denial of speedy trial claim until after the verdict was rendered, counsel acknowledged that it was not due to any strategic advantage:

    "Q.  Can you tell the Court how you decided to handle this particular speedy trial issue?

    \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

    A.  . . . It was my thought to orally raise by motion, prior to the trial, the Sixth Amendment issue.

    Q.  That issue being the right to speedy trial?

    A.  Yes, ma'am.

    On Friday, we had another conference with Judge Anderson. There had been a couple of postponements. And then when we left his chambers that Friday, I distinctly remembered that he ordered that the case start trial at eight thirty a. m. in room 613 the following Monday morning. This was a little unusual. I never saw any trial start at eight thirty. They usually start nine thirty, ten o'clock. But he wanted it eight thirty, and that's when it started. Monday morning, to my chagrin, *I came into court at ten of nine. Everybody was waiting for me. In all frankness, this did have some unnerving effect upon me.* I sat myself down, and the D.A.'s first witness was called, and we proceeded.

    Q.  Now, who was that first witness? Was that one of the witnesses you thought would not be brought forward?

    A.  No, I think they started off with maybe a couple of police officers, or what have you. *But because of that, I didn't orally make my motion. And the speedy trial issue temporarily got lost.*" (Emphasis added).

this case had any strategic foundation. Certainly counsel could have presented a pre-trial motion to quash the indictment on the theory of the speedy trial violation without jeopardizing either the success of his client's potential defenses or his chance of acquittal due to the Commonwealth's failure to present a case. *Cf. Commonwealth v. Bronson*, 457 Pa. 66, 321 A.2d 645 (1974); *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974); *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973); *Commonwealth v. Terenda*, 451 Pa. 116, 301 A.2d 625 (1973).

We, therefore, agree with appellant that counsel's failure to raise a pre-trial motion asserting appellant's speedy trial claim lacked any reasonable strategic basis and that, as a result, appellant was deprived of the effective assistance of counsel.

▇▇▇ Having ascertained that appellant was deprived effective counsel with respect to the assertion of his right to speedy trial, we are confronted with the more burdensome question of whether appellant was actually denied his right to speedy trial.[9] We conclude, that for the reasons discussed below, the more than six-year delay between arrest and trial denied appellant his right to speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. Therefore, we reverse the judgment of sentence and dismiss the indictment.[10]

9. Appellant's trial counsel did raise the speedy trial violation issue in post trial motions. Subsequently, the trial judge heard evidence on the speedy trial claim and overruled the objection as waived and, in the alternative, as not having violated appellant's Sixth Amendment right. It is because of this latter ground in the lower court's post trial opinion that we will not remand the speedy trial claim for consideration below.

10. The United States Supreme Court has recognized discharge as the only remedy in speedy trial cases. *Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); *Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *see Commonwealth v. Williams*, 457 Pa. 502, 504 n. 2, 327 A.2d 15, 16 n. 2 (1974).

The right to speedy trial is "one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina,* 386 U.S. 213, 226, 87 S.Ct. 988, 995, 18 L. Ed.2d 1 (1967); *Commonwealth v. Williams,* 457 Pa. 502, 327 A.2d 15 (1974); *Commonwealth v. Clark,* 443 Pa. 318, 279 A.2d 41 (1971). In determining whether there has been a violation of an accused's constitutional right to a speedy trial, each case requires an analysis of the circumstances and consideration of the rights of society, as well as those of the accused, which are to be protected. *Commonwealth v. Pearson,* 450 Pa. 467, 303 A. 2d 481 (1973).

In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court identified four factors which are to be considered in reaching the determination of a claimed speedy trial violation: length of the delay, reason for the delay, defendant's assertion of his right and the prejudice which inures to the defendant. The length of the delay can be considered the "triggering mechanism." Extensive delay raises a presumption of a speedy trial violation, thus necessitating an inquiry into the remaining three factors. *Commonwealth v. Williams,* 457 Pa. 502, 507, 327 A.2d 15, 17 (1974). *Cf. Commonwealth v. Gant,* 213 Pa.Super. 427, 431, 249 A.2d 845, 847 (1968).

In the instant case, there was a six-year delay which was primarily attributable to the Commonwealth. Although not intentional, nor calculated to strengthen its case against the appellant, the delay cannot be dismissed merely as the product of an over-burdened system. Since the delay is not attributable to the affirmative action of the defendant, the ultimate responsibility for such delay, which is the product of either negligence or inefficiency, must rest with the government rather than with the appellant. *Barker v. Wingo,* 407 U.S. 514, 531, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972). *See also Strunk v.*

*United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); *Dickey v. Florida*, 398 U.S. 30, 37–38, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (Brennan, J., concurring). Such an unjustified delay undoubtedly raises the presumption that there was an encroachment upon appellant's right to a speedy trial. *Commonwealth v. Hamilton*, 449 Pa. 297, 299, 297 A.2d 127 (1972).

The Commonwealth, however, contends that the appellant, because he deemed it to his advantage, acquiesced in the delay by not requesting a speedy trial. The thrust of the Commonwealth's argument is based on the "demand—waiver" rule, *i. e.*, that a defendant waives any consideration of his right to speedy trial for any period prior to which he has requested to be tried. But as the United States Supreme Court noted in *Barker, supra,* such an approach is inconsistent with established constitutional principles. *Barker v. Wingo*, 407 U.S. 514, 525, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Even prior to *Barker*, this Court acknowledged the weakness of the demand—waiver rule in *Commonwealth v. Clark*, 443 Pa. 318, 326, 279 A.2d 41, 46 (1971) :

> ". . . the necessity of a demand for trial as a prerequisite to the successful assertion of a speedy trial claim . . . is highly suspect." [11]

The Commonwealth cannot place the burden on the accused to bring himself to trial. That obligation is the sole responsibility of the Commonwealth. Here, however, there is an additional factor which defeats the Commonwealth's argument. Appellant was without counsel from the spring of 1967 until October 1972. Certainly his uncounselled "acquiescence" in the Commonwealth's failure to bring him to trial during the six-year interim between arrest and trial cannot be attributed as a strategic maneuver. Accordingly, we find no merit in the Commonwealth's assertion that the accused

11. *Cf. Commonwealth v. Williams*, 457 Pa. 502, 509 n. 9, 327 A.2d 15, 18 n. 9 (1974).

cannot claim a violation of his speedy trial right simply because he failed to demand a trial during the six-year period in question.

The Commonwealth further contends that the accused's right to speedy trial has not been violated because he has failed to affirmatively establish that he has been prejudiced by the delay. We disagree. Prejudice must be assessed with a view toward the interests of defendant which the right to speedy trial was intended to protect. In *United States v. Ewell*, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), the United States Supreme Court enumerated three particular interests which must be considered: (1) to prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. Of course, the most crucial of these is the latter since it directly affects the fairness of the trial which the defendant will receive. In reference to the possibility of impairment of the accused's defense due to a speedy trial violation, the United States Supreme Court in *Barker* stated:

"If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. *Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.*" (Emphasis added).

*Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972). *See Commonwealth v. Jones*, 450 Pa. 442, 299 A.2d 288 (1973).

Here, the length of the delay [12] during which appellant was without counsel, the fact that an eyewitness had died since 1966, and that crucial records had

12. ". . . even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." *Barker v. Wingo*, 407 U.S. at 533, 92 S.Ct. at 2193.

been discarded due to the passage of time [13] undoubtedly operated to the detriment of the appellant's defense. A thorough review of the record in this case permits no other conclusion but that appellant was indeed prejudiced by the unnecessary delay in bringing him to trial. *See Commonwealth v. Williams,* 457 Pa. 502, 327 A.2d 15 (1974); *Commonwealth v. Jones,* 450 Pa. 442, 299 A.2d 288 (1973); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972).

After balancing the factors delineated in *Barker,* we conclude that the excessive pre-trial delay constituted a violation of the appellant's constitutional right to speedy trial. *See Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974). The judgment of sentence is reversed and the appellant discharged.

---

13. According to the Commonwealth's witnesses, the slayer of the victim, Nathaniel Davis, fled the scene in a cab. Appellant, however, was arrested a short time later at the scene. The cab company's records were not available since they had been discarded over the years. The loss of these records was undoubtedly detrimental to the appellant's defense since appellant contended that he never entered a cab that night.