406 A.2d 796

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence HILL, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1979.

Decided June 22, 1979.

Petition for Allowance of Appeal Denied Nov. 7, 1979.

2. 18 Pa.C.S.A. §§ 101 et seq.

Joseph V. Furlong, Jr., Philadelphia, for appellant.

Neil Kitrosser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

ROBERTS, Judge:

On January 31, 1974, a jury convicted appellant, Lawrence Hill, of murder of the first degree, assault and battery with intent to commit murder, aggravated robbery, burglary and carrying a firearm on a public street. After denying post-verdict motions, the post-verdict court en banc, one judge dissenting, sentenced appellant to life imprisonment on the

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas, Clinton County, Pennsylvania, are sitting by designation.

charge of murder of the first degree and imposed consecutive terms of imprisonment of 5 to 10 years on the charge of aggravated robbery and 2½ to 5 years on the charge of assault and battery. We affirm.

Appellant was tried for shooting the victim and two others with a shotgun. After denial of his post-verdict motions, appellant filed an appeal from the conviction on the charge of murder of the first degree in the Supreme Court and from the convictions on the other charges in the Superior Court. On February 4, 1975, the appeals were consolidated. On March 30, 1976, the Supreme Court remanded for a second suppression hearing. See *Commonwealth v. Hill*, 466 Pa. 442, 353 A.2d 436 (1976). This hearing was held on March 8, 1977, after which the suppression court denied appellant's motion to suppress. Appellant filed this appeal on July 12, 1977.

■ Appellant contends that an inculpatory statement he gave police and used at trial was the product of unnecessary delay between arrest and arraignment in violation of Pa.R. Crim.P. 118 (now Rule 130) and *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). Police arrested appellant at approximately 11:30 a. m. on December 15, 1971. He arrived at the police station at noon and the police, after advising him of *Miranda* rights, began questioning him about 12:30. Appellant's first statements were exculpatory. At 1:45, appellant consented to a polygraph examination, which began at about 2:20 and lasted seven or eight minutes. The police again questioned appellant, who gave an oral inculpatory statement at about 4:00 p. m. Off and on over the next nine hours, the police questioned appellant. Between about 1:15 a. m. and 4:00 a. m., December 16, appellant gave a formal written statement, later introduced at trial. The police brought appellant before a magistrate for arraignment at 11:00 a. m., December 16.

Appellant's written statement, obtained between 14 and 15 hours after arrest, merely reiterated and elaborated upon the oral inculpatory statement he gave at 4:00 p. m. on December 15. Admission of the later statement could prejudice appellant only if the earlier one had been taken in

violation of Rule 118 (now 130). See *Commonwealth v. Van Cliff*, 483 Pa. 576, 397 A.2d 1173 (1979). We find no violation of the rule. Excluding the time during which the police transported appellant to the station house, see, e. g., *Commonwealth v. Starks*, 484 Pa. 399, 399 A.2d 353 (1979) (plurality opinion), the period of delay was four hours, of which only about half was used for interrogation. Except where the subject of interrogation was a juvenile, see *Commonwealth v. Johnson*, 459 Pa. 171, 327 A.2d 618 (1974), the Supreme Court has never found that an inculpatory statement was the product of unnecessary delay where the period involved was less than five hours. See *Commonwealth v. Davenport*, 471 Pa. 278, 285 n.6, 370 A.2d 301, 305 n.6 (1977).[1]

■ Appellant next argues that a delay of 25 months between his arrest and trial deprived him of his constitutional right to a speedy trial. This claim, however, is not preserved for appellate review because appellant, either before or during trial, did not, as required, file a motion to quash the indictment, alleging unconstitutional delay. *Commonwealth v. Roundtree*, 458 Pa. 351, 326 A.2d 285 (1974).

■ Appellant similarly argues that he was deprived of his right to a speedy trial by the delay of 11 months from conclusion of trial to sentencing and the delay of one year from the time of the Supreme Court's order remanding for a new suppression hearing and the time the hearing was held. He relies on the Constitution, see *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and the Pennsylvania speedy trial rule, Pa.R.Crim.P. 1100. The language and rationale of both the constitutional and statutory rules guaranteeing speedy trials do not apply to proceedings after trial. See *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1959). Assuming existence of an analogous right to speedy dispositions after trial, appellant has not

1. Appellant was arrested before May 16, 1977, the effective date of *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), which held inadmissible any statement obtained after arrest and before arraignment where the accused is not arraigned within six hours of arrest. See *Commonwealth v. Van Cliff*, 483 Pa. 576, 587 n.8, 397 A.2d 1173, 1179 n.8 (1979).

demonstrated any basis for relief. The most crucial interest protected by the right to a speedy trial is the ability of the accused to prepare a defense. *Commonwealth v. Cooley*, 484 Pa. 14, 398 A.2d 637 (1979). At trial, appellant did not present any witnesses or evidence. He does not allege that, if tried again, he would present any evidence in his behalf or that the challenged delays otherwise impair his ability to prepare for retrial. Thus, there is no reason to believe that the delays have prejudiced appellant in any respect. See *Id.*

■ Appellant claims that the trial court erred in permitting admission of a photograph of the victim. The photograph revealed the side of the victim's face which had received a shotgun blast. We believe that admission of the photograph, if error, was harmless beyond a reasonable doubt. Another photograph, to which appellant in this appeal raises no objection, also showed blood by the victim's face, although to far less an extent. The trial court repeatedly cautioned the jurors that they must not let the pictures inflame their passions. Most significantly, two eyewitnesses, each of whom had also been struck by a shotgun blast, testified, describing in detail their wounds and that of the victim. One witness had lost an arm as a result and the other a large portion of his face and neck. These gruesome wounds were plainly visible to the jury, and the prosecuting attorney, without objection, emphasized their severity during closing argument. In these circumstances, the challenged photograph could not have contributed to the verdict. See *Commonwealth v. Story*, 476 Pa. 391, 410–411, 383 A.2d 155, 164–165 (1978) (admission of evidence, if error, harmless if court provided adequate cautionary instructions or if substantially similar to properly admitted evidence).

■ Finally, appellant contends that the trial court erred in denying his request to see statements the eyewitnesses gave the police. He relies on the rule that the defense is entitled to statements of witnesses for cross-examination. See *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977). The question here, however, is whether the documents sought were "statements" of the witnesses.

Each witness stated that he had not read the notes prepared by the interrogating officer or reviewed them before trial. There is no evidence that the notes are a verbatim account of the witnesses' declarations or that the witnesses approved them as accurately reflecting what they had said. We therefore conclude that the notes sought were not "statements" available to the defense. It would have been unfair to permit impeachment of the witnesses through use of an officer's interpretation of what they had said, not their own earlier recollections. Compare *Commonwealth v. Morris*, 444 Pa. 364, 281 A.2d 851 (1971) (notes of officer, although not signed or read by witness, available to defense as statement where witness testified that officer took .down his words verbatim) and *Commonwealth v. Kubacki*, 208 Pa.Super. 523, 224 A.2d 80 (1966) (transcript of tape recorded interview available as statement for cross-examination) with *Commonwealth v. Collins*, 440 Pa. 368, 269 A.2d 882 (1970) (scribbled notes of officer not available statement) and *Commonwealth v. Bellis*, 252 Pa.Super. 15, 380 A.2d 1258 (1977), reversed in part on other grounds, 484 Pa. 486, 399 A.2d 397 (1979) (officers' notes not available statement where not verbatim and not seen, read or adopted by witnesses).

Judgments of sentence affirmed.