417 A.2d 226

**COMMONWEALTH of Pennsylvania**

v.

**James E. WATERS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1979.

Filed Dec. 21, 1979.

Petition for Allowance of Appeal Granted Feb. 23, 1981.

Jack J. Bulkin, Philadelphia, for appellant.

Denis P. Cohen, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

CERCONE, President Judge:

On April 6, 1977, a jury convicted appellant of murder of the third degree. After denying post-verdict motions, the trial court sentenced appellant to a term of imprisonment of 8 to 20 years. Appellant obtained new counsel and filed this appeal. He contends that (1) the evidence is insufficient to prove guilt beyond a reasonable doubt because the Commonwealth did not establish his identity as the killer; (2) the trial court erred in denying his motion for mistrial after the prosecutor referred to an unrelated criminal action against him; (3) an inculpatory statement of his introduced at trial was not voluntary; and (4) trial counsel was ineffective because he withdrew a pretrial motion to quash the indictment on the ground of undue delay and refused to allow appellant to testify at trial. We remand for a hearing to determine counsel's effectiveness.

■ On May 15, 1970, a bartender was shot and killed. Joyce Hopkins and Christine Booker testified at trial that they and appellant entered a bar on the afternoon of the incident. Because appellant had already had several drinks, they requested the bartender not to serve appellant, and he

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

complied. Hopkins, Booker and appellant later left the bar. As they left, appellant said, "Did you hear what he said to me? . . . that he wasn't going to serve me," then drew a gun and ran back towards the bar. Hopkins and Booker then heard a shot and Booker saw appellant running out of the bar. He passed Hopkins, saying, "I'm sorry," and fired a shot into the air. Booker saw no one else leave the bar.

Louise Pavonne testified that she saw a man in a blue jacket enter the bar, approach the bartender and state, "O.K., Nigger. What do you got to say now?" She then heard a shot. She testified that earlier, she had seen a man in a blue jacket enter in the company of two women. Ernest Jacobs testified that he saw a man shoot the bartender and run out the door, and that he had heard the bartender refuse to serve the man about five minutes earlier. No witness was able to identify appellant as the killer. In his statement, appellant admitted that he was at the bar at the time of the shooting and that he had had an argument with the bartender.

Appellant argues that this evidence is insufficient to prove that he was the man who killed the bartender. We find the evidence sufficient. The jurors could have concluded beyond a reasonable doubt that appellant, after complaining of the bartender's refusal to serve him, drawing his gun and returning to the bar, was the man who moments later shot the bartender.

Appellant argues that the prosecutor improperly introduced evidence of an unrelated criminal matter. Before trial, appellant had been arrested and imprisoned on charges of non-support. During trial, the prosecutor asked a witness, "Are you also aware of a child support action against the defendant." Before the witness could answer, trial counsel objected and requested a mistrial. The court denied the objection and held a conference at side bar. During the conference, the court reversed its position and sustained the objection, but did not inform the jurors of the change in ruling. Trial counsel did not request a curative instruction and the court did not provide one.

■ A reference to other criminal activity is prejudicial if it conveys to the jury, expressly or by reasonable implication, the fact of a prior criminal offense. *Commonwealth v. Povish*, 479 Pa. 179, 387 A.2d 1282 (1978). The prosecutor's question did not convey this fact to the jurors. The witness did not answer the question and, therefore, the jurors were not presented with any evidence that appellant had a criminal record. Although a question might just as easily convey a reasonable implication of prior criminal conduct as does evidence to that effect, this question did not. It was brief, ambiguous and did not expressly refer to criminal acts. See *id.*

■ Appellant asserts that his inculpatory statement was not voluntary. From the time of the shooting in 1970 until his apprehension in 1974, appellant was a fugitive from justice and outside the jurisdiction for at least part of that time. An F.B.I. agent finally arrested appellant. At that time, the agent told appellant that he was under arrest for avoiding prosecution for homicide, stated that officers would search appellant's house for weapons and informed appellant of his *Miranda* rights. During a ride to the police station, appellant made his statement.

Appellant contends that, contrary to the testimony of the F.B.I. agent, the agent did not inform him of his *Miranda* rights or that he was sought on charges of homicide. The suppression court was justified in accepting the agent's testimony. See *Commonwealth v. Hughes*, 477 Pa. 180, 383 A.2d 882 (1978). Appellant also alleges that he was coerced to give the statement in fear for his family, who were in the house at the time the agent said officers would conduct a search for weapons. Testimony at the suppression hearing gave the suppression court no reason to believe that the agent's announcement of the search would give any cause for alarm, that appellant felt any fear or that his statement was the product of such fear. Thus, the suppression court ruled correctly.

██ Appellant contends that trial counsel was ineffective because he declined to maintain a pretrial motion to dismiss on the ground that appellant had been denied a speedy trial.[1] The crime occurred in May, 1970, appellant was arrested in October, 1974, after flight from the jurisdiction, and he was brought to trial in April, 1977. Trial counsel originally filed a motion to dismiss the indictment, alleging that the delay of 4½ years from time of crime to time of arrest denied appellant a speedy trial. At the pretrial hearing, however, counsel withdrew the motion. Appellant claims that the motion was meritorious. Commonwealth evidence at trial established that, in 1970 and 1971, the police repeatedly sought appellant at his only known address in Pennsylvania but were unable to find him.

The long delay occurred before arrest and, therefore, is irrelevant to appellant's claim that he was denied his Sixth Amendment right to a speedy trial. See *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).[2] Thus, appellant's speedy trial claim is without merit. See *Commonwealth v. Hill*, 267 Pa.Super. 264, 406 A.2d 796 (1979). Accordingly, counsel was not ineffective for failing to pursue this claim. See *Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978).

██ Finally, appellant contends that trial counsel was ineffective because he allegedly refused to permit appellant to testify at trial. Appellant notes that he had no record of convictions for crimes *crimen falsi* and had not made prior inconsistent statements by which he could have been impeached during trial and argues that counsel's decision prevented the jury from hearing the only first hand account of what happened in the tavern.

1. Represented in this appeal by counsel other than trial counsel, appellant may raise a claim of ineffective assistance of trial counsel. See *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978).

2. Appellant raises only the Sixth Amendment claim of denial of his right to speedy trial. He does not allege any violation of due process or Pa.R.Crim.P. 1100, the speedy trial rule.

184

Certainly, trial counsel could have had good reasons to advise appellant to maintain his silence at trial even if, as appellant alleges, he could not be impeached by prior crimes or inconsistent statements. Nonetheless, on this record, we cannot determine whether counsel's advice was the product of a reasonable strategy designed to promote appellant's interests or of ineffective assistance. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 352 (1967). Therefore, we vacate judgment of sentence and remand for an evidentiary hearing to determine why counsel acted as he did in this matter. If, upon remand, the trial court determines that counsel was ineffective, it shall award appellant a new trial. If, however, trial counsel was not ineffective, judgment of sentence shall be reinstated. See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.