421 A.2d 331

**COMMONWEALTH of Pennsylvania**

v.

**Aaron HELMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 8, 1980.

Martin A. Ostrow, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

Appellant, Aaron Helms, was convicted on June 16, 1977 following a non–jury trial for robbery (two counts), possession of an instrument of crime and conspiracy.[1] Post–verdict motions were denied and appellant was sentenced to a term of imprisonment of two and one–half to six years.[2] New counsel was then appointed and this appeal followed.

The sole issue raised on appeal is whether trial counsel's failure to petition the court for dismissal of the charges pursuant to Pa.R.Crim.P. 1100 constituted ineffective assistance of counsel.[3]

The criminal complaint against appellant was filed October 8, 1976, thus requiring commencement of trial on or before April 6, 1977. Prior thereto, however, on March 23, 1977, the Commonwealth timely petitioned the lower court for an extension of time within which to commence trial.[4]

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. A nolle prosequi was entered to an additional charge of carrying a firearm without a license.

2. The court also imposed a one to three year concurrent term of imprisonment; a five year probationary term effective at the expiration of the prison terms; and, suspended sentence on the remaining count.

3. Appellant's brief defines the issue both in terms of the lower court's failure to dismiss the charges pursuant to Rule 1100 and trial counsel's ineffectiveness in failing to request the court to do so. For reasons later cited herein, we direct our attention to the latter condition.

4. Rule 1100(c) provides, in part, as follows: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial..."

On March 31, 1977, that request was granted and the trial date extended to no later than June 4, 1977.

Appellant subsequently consented to Rule 1100 waivers to, respectively, June 6, and June 8, 1977. On the latter date, the trial judge to whom the case had been assigned was ill and trial did not commence until June 15, 1977. Nonetheless, no additional Rule 1100 waiver was obtained from appellant, nor was a petition presented to the court by the Commonwealth seeking a further extension of time in accordance with Rule 1100(c).

While it is clear that appellant was not brought to trial within the prescribed 180–day period required by Rule 1100, trial counsel first raised the issue in its post–verdict motions. However, since the issue had not been raised either before or during trial, the lower court properly held it to have been waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Roundtree*, 458 Pa. 351, 326 A.2d 285 (1974).

The question of effectiveness of trial counsel, however, constitutes a necessary exception to such rule concerning waiver. Thus, since the issue had not been waived at any time after the termination of representation by the counsel whose effectiveness is presently questioned, we may consider trial counsel's alleged ineffectiveness. See *Commonwealth v. Fricke*, 250 Pa.Super. 370, 378 A.2d 982 (1977); *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Jellots*, 262 Pa.Super 17, 396 A.2d 461 (1978).

The standard by which counsel's ineffectiveness is judged is whether the claim not raised had arguable merit and, if so, whether counsel, nonetheless, had a reasonable basis for not raising it. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Instantly, despite the fact that trial did not commence within 180 days, the record does not reveal conclu-

sively whether a petition to dismiss pursuant to Rule 1100 would have had arguable merit.[5]

We will, therefore, vacate the judgment of sentence and remand the record to the lower court for a hearing to determine whether the Commonwealth failed to comply with Rule 1100, thus rendering trial counsel's assistance ineffective for failing to seek dismissal thereupon.

Should the court so conclude, it shall grant appropriate relief. If, on the other hand, the trial court determines counsel's assistance to have been effective, the judgment of sentence shall be reinstated. See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

Following the court's decision, an appeal therefrom will, of course, be limited to that issue since it is the only one properly raised on this direct appeal.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

5.  There may have been, for example, periods of time properly excluded pursuant to Rule 1100(d) which would render the commencement of trial timely.