371 A.2d 903

COMMONWEALTH of Pennsylvania

v.

Robert MARTIN, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided March 31, 1977.

408

Charles J. Tague, Jr., Assistant Public Defender, Williamsport, for appellant.

Allen E. Ertel, District Attorney, Williamsport, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

The only issue raised on this appeal is whether the lower court erred when it granted a timely extension to the Commonwealth pursuant to Pa.R.Crim.P. 1100(c). We hold that it did and therefore reverse appellant's conviction and order him discharged.

■ A criminal complaint was filed against the appellant on February 13, 1975.[1] He was preliminarily arraigned on June 4, 1975, and a preliminary hearing was held on June 20, 1975. The magistrate's transcript was returned to the lower court on July 23, 1975,[2] and on August, 5, 1975, a bill of indictment was approved by the Grand Jury of Lycoming County. On August 7, 1975, five days before the expiration of the 180 day rule, the Commonwealth filed an application to extend the time for commencement of trial. This brief petition enumerated the above history and further stated that despite due diligence by the Commonwealth the appellant could not be tried within the 180-day period because trial could not be commenced less than 10 days from appellant's arraignment pursuant to Pa.R.Crim.P. 317(b). A hearing

---

1. The complaint in this case having been filed after June 30, 1974, the Commonwealth had until August 12, 1976, or 180 days, in which to bring the appellant to trial.

2. Pa.R.Crim.P. 146(b) provides in relevant part:
    "(b) the issuing authority shall transmit the transcript to the clerk of the proper court within five days after holding the defendant for court."
   As noted above, the transcript was not transmitted to the criminal court until 33 days after the preliminary hearing. No reason for the delay appears on the record.

was held on this petition at appellant's arraignment on August 8, 1975, during which the lower court informed the appellant that if he waived the 10-day period between arraignment and trial required by Pa.R.Crim.P. 317(b), the case would be tried on August 11, 1975, or the 179th day. The appellant refused to waive the ten-day period and the court extended the 1100 rule.[3] Trial was held August 22, 1975, 190 days after the complaint had been filed and the appellant was convicted of theft by deception and placed on two years probation. This appeal followed.

The lower court, in denying appellant's 1100 argument, reasoned that since the appellant was, at the time the complaint was filed, in the Bradford County Prison his whereabouts were "unknown" and he was therefore unavailable for a period of time. It further reasoned that once the appellant was "located and available" the proceedings were further delayed until a grand jury was empaneled. This conclusion is not supported by the record. The prosecuting officer, Trooper Charles Fama, testified that he had known of the appellant's whereabouts from February 13, 1975, onward, and had in fact travelled to the Bradford County Prison on two occasions to see the appellant. (N.T. August 21, 1975, pp. 7–8). It is clear that under the circumstances of this case the appellant was not unavailable within the framework of Pa.R.Crim.P. 1100(d)(1). *See Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972); and *Commonwealth v. McCafferty,* 242 Pa.Super. 218, 363 A.2d 1239 (1976), and as such none of the period before his trial can properly be excluded.[4]

3. The appellant could not be forced to waive the ten-day period and the Commonwealth would not have found it necessary to request such waiver had it proceeded with diligence prior thereto. The ten-day delay between arraignment and trial must be taken into consideration by the Commonwealth when scheduling cases for trial.

4. The Commonwealth does not argue that any continuances were sought and obtained by the appellant, nor does the record indicate that there were any other delays sought and obtained with court approval.

■ The Commonwealth additionally contends that the failure of the district justice to return the papers and transcript of the preliminary hearing to the court until July 23, 1976, thirty-three days after the appellant was bound over to court following the hearing, constituted "judicial delay" within the context of *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) and *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), and was therefore a sufficient reason upon which to extend the 180-day period pursuant to Pa.R.Crim.P. 1100(c). This argument ignores the fact, however, that Rule 1100(c) also expressly requires a showing that the prosecutorial authorities have used "due diligence" in bringing the case to trial before an extension can validly be granted. *See Commonwealth v. Wilson,* 245 Pa.Super. 225, 369 A.2d 376 (1976); *Commonwealth v. Lane,* 245 Pa.Super. 146, 369 A.2d 335 (1976). Upon an examination of the record in the case, it is clear that the Commonwealth was not diligent within the context of Rule 1100 and the petition was, as such, an unwarranted circumvention of the speedy trial rights of the appellant. *Commonwealth v. Mayfield,* supra, 469 Pa. at 221, 364 A.2d at 1349.

As noted above, a criminal complaint was filed against the appellant on February 13, 1975. His whereabouts were known to the arresting officer whose knowledge was attributable to the Commonwealth. Although available within the meaning of Rule 1100, the Commonwealth did nothing to bring the case to trial until almost four months later when the appellant was preliminarily arraigned. Over two weeks then expired before a preliminary hearing was held. Therefore, prior to the period occasioned by the magistrate's delay, the record reveals a course of almost total inaction on the part of the prosecutorial officers concerning appellant's case. Additionally, the record reveals that the Commonwealth waited for approximately 5½ months from the date the com-

**412**

plaint against the appellant was filed before obtaining approval of the indictment by the grand jury on August 5, 1975, 173 days later. Nor can the delay prompted by the failure of the district magistrate to return the transcript within the period prescribed by Pa.R.Crim.P. 146(b) validate the extension in this case. Assuming arguendo that such a delay falls within the context of *Shelton* and *Mayfield,* no reason was shown for the court delay. And as we have noted, the entire course of conduct pursued by the Commonwealth in this case cannot in any way reasonably be construed as illustrating due diligence on its part. We therefore hold that because of the lack of due diligence on the part of the Commonwealth the petition to extend the time for commencement of trial which was granted four days before the expiration of the 180-day period was improperly granted.

Judgment of sentence reversed and appellant discharged.

VAN der VOORT, J., dissents.