386 A.2d 156

**COMMONWEALTH of Pennsylvania**

v.

**Clayton A. SHULTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided April 28, 1978.

Thomas R. Wilson, West Chester, for appellant.

Alan J. Jarvis, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Chester County, Criminal Division, by the defendant-appellant, Clayton A. Shultz, after conviction by a jury of bills of indictment charging forgery and related offenses; and from the denial of post-trial motions.

The issues raised on appeal are: 1) that the court erred in denying motions to dismiss for violations of *Rule 1100 of the Pa. Rules of Crim. Pro.*, one filed September 24, 1974 and the second filed on October 22, 1974; and 2) ineffective assistance of counsel.

A written complaint was filed on November 15, 1973. The defendant was arrested on the same day. On November 20, 1973, a preliminary hearing was held. And although some argument was made of an alleged agreement concerning a waiver of arraignment, the court held that he was not arraigned until September 24, 1974.

The 270-day period would have run on August 12, 1974, unless there was excludable time. The case was first listed for trial on April 17, 1974. By letter dated March 21, 1974, Attorney Kean, private counsel for the defendant at the preliminary hearing informed the Commonwealth that he was no longer representing the defendant. By letter dated April 9, 1974, the Public Defender's office notified the Court Administrator that an Attorney Kalmbach was assigned to represent the defendant. The defendant during the period in question, was being held in the Chester County Farm Prison and readily available to the Commonwealth.

When the case was called for trial, Mr. Kean was present and stated that he no longer represented the defendant. Mr. Kean's appearance and statement was due to the fact that despite his letter and the letter from the Public Defender's office, Mr. Kean was listed as counsel for the defendant and no appearance had been entered by the Public Defender's office. The court below found as a fact, after hearing the petition to dismiss filed September 24, 1974, that at the call of the list, Attorney Michael Baranco of the Public Defender's office stated to the court that the Public Defender's office did not represent the appellant and also found as a fact that at that time the Public Defender's office did represent the defendant, despite the statement of Mr. Baranco, which was incorrect. The court below then concluded as a matter of law that the attorney made himself unavailable and held that the period of delay running from August 5 to September 24 was chargeable to the defendant.

■ "The Commonwealth must be able to point to actual frustration of litigation before we can conclude that unavailability of counsel or a defendant caused the delay." *Commonwealth v. Mancuso*, 247 Pa.Super. 245, 372 A.2d 444 (1977), Footnote 4. The instant case is a classic example of "actual frustration of litigation".

The second petition to dismiss filed October 22, 1974 poses an even more difficult problem. The court by its order in the first petition extended the time to September 24, 1974. The court below found the defendant unavailable for the period from September 24 to the date of trial October 28, 1974. He based his reasoning on a conversation between the defendant's attorney and a clerk in the District Attorney's office concerning a waiver of arraignment which resulted in the continuance to October 28, 1974, and seems to hold the unavailability of counsel to be the cause of the failure to arraign.

The Commonwealth alleges that it filed petitions for extensions but there never was a hearing or a determination on them and they would have great difficulty showing due diligence under the circumstances of this case. Both petitions were filed prior to October 28, 1974. As the Commonwealth says in its brief: "Unfortunately, we cannot pursue this argument further. No order granting an extension was ever entered by the Court. Therefore, it seems we must base our position on the finding of excludable time, and denial of the application to dismiss."

■ At the call of the trial, counsel for the defendant listed two questions: one, he would not go to trial because the sheriff had brought the defendant to the court room in prison clothes; and second, he demanded that the defendant be arraigned. The conversation concerning a waiver between a secretary in the District Attorney's office and the Public Defender's office had no validity as the defendant had no part in the conversation and at no time consented to the waiver. *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Myrick*, 468 Pa. 155, 360

A.2d 598 (1976); *Commonwealth v. Martin*, 246 Pa.Super. 407, 371 A.2d 903 (1977).

The following colloquy took place at trial:

"MR. KALMBACH: Right now, I'm, in light Mr. Shultz has informed me that this morning, when they hurriedly brought him down here, they did not give him an opportunity to dress properly. I will not take him to trial in his prison clothes. Therefore, I do ask Your Honor arraign Mr. Shultz at this time.

"THE COURT: Has he not been arraigned?

"MR. KALMBACH: He was not arraigned.

"THE COURT: Mr. Jarvis.

"MR. JARVIS: He has not been arraigned. We are aware of that.

"THE COURT: Well, then, are you satisfied that this matter cannot be tried at this time, unless there is a waiver of rights, Mr. Jarvis?

"MR. JARVIS: I'm so satisfied, Your Honor.

"THE COURT: By the statement of Mr. Kalmbach, I gather that there will be no waiver of rights as far as arraignment is concerned?

"MR. KALMBACH: No, Your Honor. I, in addition, I will not try my man dressed like that.

"THE COURT: I most certainly would not feel that you should. If the request is for arraignment, of course, that is what we will do. All right. Gentlemen, is that any reason why this defendant should not be arraigned on both charges?

"MR. JARVIS: I know of none, Your Honor.

" . . . THE COURT: That's right. He has not waived arraignment, and arraignment has just been conducted, and under the Rules, would you agree, Mr. Jarvis, that this matter cannot be tried at this term of trial session?

"MR. JARVIS: Not unless they would waive the 10 days before trial, Your Honor.

"THE COURT: Yes, well, there has been no indication that they would do so. I don't think you ought to be made to state that you will not. So, I'll simply say to you, Mr. Kalmbach, is it your intention, or that of your client, to waive the 10 day requirements of Rule 317(b)?

"MR. KALMBACH: No, sir."

█ It was at this time, while still within the period, including the excludable time, that the Commonwealth was faced with the necessity to continue for failure to arraign that a petition to extend, or to seek a hearing on the petition already filed, should have been made. *Pa. Rules of Crim. Pro. 317(b)*. This was not done and the trial was held more than 270 days from the filing of the complaint, even with the excludable time granted to the Commonwealth, in violation of *Rule 1100 of Pa. Rules of Crim. Pro.*

It is unnecessary to discuss the other issues raised in this appeal.

The judgment of sentence is reversed and the defendant discharged.

JACOBS, President Judge, and HOFFMAN and SPAETH, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.