393 A.2d 822

**COMMONWEALTH of Pennsylvania**

v.

**Anthony Keith SPELLS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Oct. 20, 1978.

J. Richard Gray, Lancaster, for appellant.

Joseph C. Madenspacher, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the Order of the Court of Common Pleas, Criminal Division of Lancaster County, denying Post Conviction Relief.

The procedural history and facts relevant to the issues on appeal are as follows:

A criminal complaint charging appellant with robbery was brought on January 30, 1975, in Lancaster County. Thereafter, appellant could not be located. Appellant was arrested and thereafter incarcerated on other charges in Dauphin County on March 13, 1975. The prosecuting officer discovered appellant's whereabouts on March 20, 1975, but did not serve the warrants on him until March 21, 1975. Appellant

met with his trial counsel, a Public Defender, a short time prior to trial on September 17, 1975, and informed him of the date of the complaint and the date he was served with the warrant on the robbery charge. The appellant later testified at his Post Conviction Hearing, that his counsel advised that there were no grounds upon which to file a Pa.R.Crim.P. No. 1100 motion to dismiss. A jury was then selected after the denial of a motion for a continuance in order for counsel to better prepare for trial. Following selection of the jury, the appellant changed his plea to guilty and a full colloquy was conducted by the trial court. Subsequent to the factual basis for the plea being stated for the record, appellant inquired of the trial judge as to his right of appeal from the guilty plea. The trial judge informed the appellant that if he was later given a legal sentence, he could not appeal on the ground of illegality of the sentence. Appellant was further advised that the very purpose of the entire colloquy had been to determine if his guilty plea was voluntary. The appellant also indicated that he felt he would receive more time if he elected to go to trial and was convicted. The trial court replied that there was no doubt about that. The trial court made this observation after hearing the appellant's prior record and after "reluctantly" accepting the plea bargain for two to four years incarceration. Appellant then stated he would allow the plea to stand.

Appellant later filed a petition under the Post Conviction Hearing Act, which was denied following a hearing. This appeal followed.

Appellant alleges that trial counsel's refusal to move to dismiss under Pa. Rule of Criminal Procedure 1100, had no reasonable basis to effectuate his interests and he therefore was denied his right to effective assistance of counsel.

The guidelines for determining whether counsel is ineffective were set forth by the Supreme Court in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) wherein the court stated: "Our inquiry ceases and counsel's assistance is deemed constitutionally effective once

we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his clients interest."

Applying this reasoning, we must determine whether trial counsel had some reasonable basis for recommending that his client accept the plea bargain. If the Rule 1100 issue had a strong likelihood of resulting in a dismissal, counsel's conduct could not be deemed to be effective. This case is unlike the case of *Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (1976) wherein our Supreme Court held that a six year delay in bringing the case to trial should immediately have put defense counsel on notice as to a speedy trial issue. Appellant concedes in his brief that the Commonwealth exercised due diligence in attempting to locate the appellant prior to his arrest in Harrisburg. That conclusion is supported by the record.

Since Pennsylvania Rule of Criminal Procedure 1100(d)(1) provides in relevant part that: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay as results from the unavailability of the defendant", appellant argues that March 20, 1975, the date when the prosecuting officer discovered that he was incarcerated in Harrisburg, should be the date from which the 180 days should start to run. He cites *Commonwealth v. Martin*, 246 Pa.Super. 407, 371 A.2d 903 (1977) in support of his position. However, in *Martin*, the entire course of conduct on the part of the Commonwealth demonstrated a lack of due diligence. In *Commonwealth v. Haynes*, 245 Pa.Super. 17, 369 A.2d 271 (1976), we held that a defendant arrested in Virginia became available when he was returned to Delaware County. Applying that reasoning to the within facts, the appellant would not become available until the detainers were lodged and he was brought back to Lancaster County for trial. Therefore, excluding a period of over 50 days, because of the unavailability of the appellant pursuant to Pennsylvania Rule of Criminal Procedure 1100(d)(1), from the total of 230 days from the date of the complaint to the trial date, places the

day of trial within the 180 day period permissible under Rule 1100. This exclusion is automatic, the Commonwealth not being required to file a petition for the extension of time when the delay is caused by the unavailability of the appellant. *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 369 A.2d 1331 (1977).

Accordingly, trial counsel may not be deemed ineffective for recommending the plea bargain rather than submitting a baseless Rule 1100 motion to dismiss. *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974).

Appellant further contends that the trial court coerced him into waiving his constitutional right to a trial by advising him that there was no doubt that he would receive a longer sentence if he went to trial and was convicted. He contends that this alleged coercive statement was made during the colloquy. This argument is not supported by the record. The trial judge conducted a full colloquy in accordance with *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). The appellant acknowledged that he understood the nature of the charges, and that he was pleading guilty voluntarily. The court then heard a summary of the facts in support of the plea which indicated that appellant entered the Turkey Hill store in East Petersburg, told the manager he had a gun, tied her up in the rear of the store, then actually waited on customers before departing with the stolen money. The trial court was then informed that appellant had two prior convictions, one for theft and the other for three counts of burglary. At that point, the trial judge stated he would reluctantly accept the plea bargain. Appellant asked on what grounds he could appeal his guilty plea, and the trial judge answered the question clearly, concisely and honestly. We find nothing coercive about the trial judge informing the appellant at this point that after hearing all the circumstances of the case, in his opinion, appellant would have received a stiffer sentence if he went to trial and was convicted, since appellant had already opted not to go to trial. At no time did appellant indicate that he was not guilty of the charges or that his plea was involun-

tary. His only complaint concerned the competency of his counsel.

We find nothing in this record to indicate that trial counsel rendered ineffective assistance. The argument is without merit.

Accordingly, the Order is affirmed.

SPAETH, J., files a dissenting opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

I believe appellant should be discharged. A motion for discharge under Rule 1100 would have been granted. *Commonwealth v. Martin,* 246 Pa.Super. 407, 371 A.2d 903 (1977). Counsel's failure to make the motion was therefore without reasonable basis.