450 A.2d 133

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Barry SCHWARTZ.**

Superior Court of Pennsylvania.

Argued June 23, 1981.

Filed Sept. 10, 1982.

Petition for Allowance of Appeal
Denied Feb. 8, 1983.

126

Michael S. Goodwin, Assistant District Attorney, Doylestown, for Commonwealth, appellant.

Susan Flynn, Assistant Public Defender, Doylestown, for appellee.

Before HESTER, CAVANAUGH and DiSALLE, JJ.

CAVANAUGH, Judge:

The only appellate issue is the correctness of the trial court's order dismissing the charges under Pa.R.Crim.P. 1100.

The defendant-appellee, Barry Schwartz, was arrested on August 29, 1979, following an allegation that he had pointed a shotgun at another individual, threatening to shoot him. The complaint was dated the day of the arrest, and resulted in Schwartz being confined until October 1, 1979, when released on his own recognizance [ROR]. Four preliminary hearings were scheduled at various times. The Commonwealth concedes that the first sixty-one days after the issuance of the complaint are chargeable to it but would exclude the period beginning with an October 29th scheduled preliminary hearing when Schwartz, then on release, failed to appear. An alias warrant was issued on that date and the police went to the defendant's home and were informed by his mother that he had gone to California. At least four other attempts were made to contact the defendant but the

police were refused admittance and his mother again told them he was not there. Defendant was not seen by the police on routine patrols but they did receive anonymous phone calls to the effect that Schwartz was in fact at home or nearby.

Finally, the police returned the warrant to the district justice on February 26, 1980. Schwartz was declared a fugitive and the case sent to the Court of Common Pleas. The original Rule 1100 run date, 180 days from the date of filing the complaint, had expired on February 24, 1980.

Some three months thereafter, on May 30, 1980, the district attorney filed for leave to file an information without preliminary hearing, which was granted. The petition was accompanied by an affidavit that the defendant could not be located. Arraignment was listed for June 14, 1980, and there being no appearance by or for defendant a bench warrant issued. On July 24th Schwartz voluntarily appeared for a bench warrant hearing and was purged of contempt. Eventually, following a hearing, a defense motion to dismiss pursuant to Pa.R.Crim.P. 1100 was granted. The Commonwealth appeals.

Pa.R.Crim.P., Rule 1100(d) provides: "In determining the period for commencement of trial, there shall be excluded therefrom: (3) such period of delay at any stage of the proceedings as results from: (i) the unavailability of the defendant or his attorney."

The essence of the decision below is that because after an arrest the Commonwealth has the power (and obligation) to proceed without the defendant, the delay of the police in returning the warrant until after the running of 180 days, rather than the fugitive status of the defendant, was the cause of the failure to schedule the case for trial within the 180 day period running from the filing of the complaint; that review of the case authority indicated to the court that exclusion of periods of unavailability for preliminary proceedings results only in these instances where the Commonwealth's ability and intention to move the proceedings to trial is actively frustrated by a defendant, e.g., by fleeing arrest (*Commonwealth v. Spells*, 259 Pa.Super. 271, 393 A.2d

822 (1978)), intimidating witnesses (*Commonwealth v. Brightwell*, 486 Pa. 401, 406 A.2d 503 (1979)), or by appearing without counsel (*Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979)). Therefore, as we understand the court below, if the defendant is merely passive in failing to appear for his preliminary hearing, time continues to run against the Commonwealth since the accused has no duty to bring himself to trial and the Commonwealth has the power to proceed without him. Simply stated the court found that a fugitive has a right to a speedy trial.

■ However, we cannot subscribe to such a distinction and in any event we cannot view Schwartz' breach of his bail obligation as mere passive lack of cooperation in moving his prosecution to trial. We cannot give Schwartz credit for his availability for the first three scheduled preliminary hearings as evidence of his willingness to make himself available. He was in custody then. On the first occasion after admittance to bail he *caused* a delay at a stage of the proceedings through dishonor of his bail obligation to appear just as surely as if he had appeared without counsel and requested a continuance. We do not approve in the slightest Schwartz' detention in custody for well over a month while the Commonwealth failed to proceed with his preliminary hearing, but in the absence of any evidence of prosecutorial unfairness in this regard we will not allow a hard case to make bad law through encouragement of bail jumping. The plain fact is that by disregarding his bail obligation a vital stage of the proceeding was delayed by Schwartz.

He cannot be credited with the time elapsed between October 29, 1979 and February 26, 1980, unless the police failed to act with due diligence to locate him. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977).

■ It is true that the Commonwealth must prove by a preponderance of the evidence that it proceeded with due diligence in attempting to locate and apprehend appellant. *Commonwealth v. Mitchell, supra; Commonwealth v. Erby*, 272 Pa.Super. 469, 416 A.2d 552 (1979).

However, as stated in *Mitchell* :

It is not the function of our courts to second-guess the methods used by police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they have acted with diligence in attempting to locate the accused. Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful. 472 Pa. at 566, 372 A.2d at 832.

While we recognize that the burden is on the Commonwealth, the appellee here did not offer any evidence at the Rule 1100 hearing to indicate how his availability may have affected the due diligence efforts of the police to discover him.[1] The court below did not find absence of due diligence on the part of the police. Nor do we. The police could hardly return the alias warrant on the basis of the mother's statement that Schwartz had left the jurisdiction when they had other information, however anonymous, that he had not. By the same token, the anonymity of that information and its indefiniteness could have deterred the police from seeking a search warrant to search the mother's house for Schwartz. While we would have been happier had the police returned the alias warrant earlier, they cannot be charged with lack of due diligence on this record.

In our view when the alias warrant was returned to the district justice on February 26, 1980, only 61 days of the constraint period had run against the Commonwealth, i.e., between August 29 and October 29, 1979. As previously stated, the district attorney filed an information and in due

1. We have adopted a *Mitchell* due diligence analysis since the record does not indicate that Schwartz was ever given notice of the October 29 preliminary hearing. *Commonwealth v. Cohen*, 481 Pa. 349, 355, 392 A.2d 1327, 1331 (1978) provides that "Where the defendant is on bail *and has notice of his obligation to appear* and fails to do so, a concept of due diligence in apprehending the fugitive is misplaced in a speedy trial analysis." (emphasis added). However, the bond signed by Schwartz was conditioned upon his obligation to give notice of any change of address and clearly he was in violation of this requirement and was therefore in default of his bail obligation and must be held responsible for his failure to appear.

▮▮▮▮▮▮▮▮▮▮▮▮▮

course a bench warrant was issued. Schwartz voluntarily appeared on July 24, and after several continuances of trial dates the matter finally came to hearing on appellee's Rule 1100 motion and was dismissed on October 21, 1980. Even if we were to couple the period from July 24, 1980 to October 21, 1980 (89 days) with the conceded period from complaint to failure to appear after being released on ROR, we have a total of only 150 days.[2] Thus if we find that the defendant was unavailable during the entire intervening period we must find that there was no Rule 1100 violation unless the appellant failed to act with due diligence. During this entire period which began with the appellee being released on ROR, the appellee was a fugitive in that he had failed to appear for the preliminary hearing and did not give notice of any change of address.

Nor do we feel that it is incumbent upon the Commonwealth to list the case for trial in the defendant's absence. Of course, the Commonwealth could always go through the fiction of "scheduling" a case for trial if that were the requirement of Rule 1100. However, the provision of Pa.R. Crim.P. 1100(a)(2) is that the trial must *commence* within the required period.

> Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall *commence* no later than one hundred eighty (180) days from the date on which the complaint is filed. (Emphasis added).

*Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979) relied upon by the lower court is inapposite. In that case, though the defendant failed to appear for an arraignment, she had returned and was available for the trial listing she had been given. Thus, she was available for the commencement of trial.

Addressing itself to the argument that the Commonwealth has the obligation to schedule the case for trial even

---

**2.** The Commonwealth argues, with reason, that the period from July 24 to October 21 should not be charged against it since continuances were at appellee's request and the Commonwealth was diligent in seeking to try the case.

in face of the defendant's unavailability the court in *Commonwealth v. Polsky*, 493 Pa. 402, 408, 426 A.2d 610, 613 (1981) stated:

Such reasoning would require the listing of criminal cases in which personal jurisdiction over the accused has not yet been obtained and, therefore, would burden courts with the wasteful and perfunctory obligation of listing cases in which the necessity of a continuance is virtually assured ab initio.

In addition, listing the case for trial would put the Commonwealth to the unnecessary expense and inconvenience of bringing in witnesses for a trial listing which would most likely result in further continuance.

Cases dealing with unavailable defendants do not suggest any burden on the Commonwealth to list the case for trial at a time before the defendant becomes available for trial so long as due diligence is demonstrated. *See, e.g., Commonwealth v. McKenna*, 498 Pa. 416, 446 A.2d 1274 (1982); *Commonwealth v. Heath*, 288 Pa.Super. 119, 431 A.2d 317 (1981).

Order reversed.

DiSALLE, J., did not participate in the consideration or decision of this case.