J-M02003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :            PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| EUGENE LEWIS | : |
| | : |
| Appellant | :  No. 80 EDM 2026 |

Appeal from the Order Entered February 5, 2026
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000118-2024

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED MAY 18, 2026**

Eugene Lewis[1] has filed a petition[2] for specialized review of the trial court's February 5, 2026 order denying his January 6, 2026 motion for release on nominal bail pursuant to Pa.R.Crim.P. 600(D)(2).[3] *See* Pa.R.A.P. 1610

---

[1] Lewis also has a pending appeal at 3214 EDA 2025 from the denial of his motion to dismiss charges on the grounds of compulsory joinder. *See* 18 Pa.C.S. §110.

[2] Although Lewis has titled his filing as an "Application for Nominal Bail," it is properly considered a petition for specialized review. *See* Pa.R.A.P. 1610, Pa.R.A.P. 1762(b)(2).

[3] Pennsylvania Rule of Appellate Procedure 1602(a) provides that a "petition for specialized review shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order sought to be reviewed." Pa.R.A.P. 1602(a). The petition was timely filed because the thirtieth day after the February 5, 2026 order fell on Sunday, March 8, 2026, and the petition was filed the following day, on March 9, 2026. *See* 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from computation of time period for filing when last day of time period falls on weekend or holiday).

(providing for review of, *inter alia*, order denying release before sentence via petition for specialized review); Pa.R.A.P. 1762(b)(2) (order relating to bail when no appeal pending shall be subject to review pursuant to Chapter 16 of Rules of Appellate Procedure); ***Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024) (holding review of petition for specialized review involving juvenile out-of-home placement order is mandatory); ***Commonwealth v. Miller***, 319 A.3d 575 (Pa. Super. 2024) (applying ***N.E.M.*** to petitions for specialized review of bail filed pursuant to Rule 1610).  The Commonwealth has filed an answer to Lewis' petition and the trial court has filed a statement of reasons in support of the bail order.  ***See*** Pa.R.A.P. 1762(e).

Lewis was charged in Lehigh County, by a criminal complaint dated September 21, 2023,[4] with various drug offenses[5] connected to the drug-related death of the victim.  Lewis is currently being held in Lehigh County jail on $150,000.00 cash bail or approved surety.

In a separate case in Northampton County (Northampton County case), Lewis pled guilty, on November 1, 2022, to criminal use of a communications facility and was sentenced, on January 18, 2023, to 12 to 30 months'

_____

[4] Although the trial court docket indicates that the case was initiated on September 20, 2023, it appears that the criminal complaint was not filed until September 21, 2023.

[5] Specifically, Lewis was charged with drug delivery resulting in death, ***see*** 18 Pa.C.S.A. § 2506(a), and manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance (fentanyl).  ***See*** 35 P.S. § 780-113(A)(30).

incarceration. According to the trial court, Lewis was approved for parole in the Northampton County case but it was denied. *See* Trial Court Statement, 2/5/26, at 3-4.[6] Lewis maxed out on his Northampton County sentence and was released from SCI-Fayette on July 16, 2025.

On January 6, 2026, Lewis filed the instant petition for immediate release on nominal bail on Rule 600 grounds. The court held a bail hearing on January 21, 2026 and, on February 5, 2026, the court denied Lewis' bail petition.

Lewis seeks release on nominal bail pursuant to Rule 600. Subsection (B)(1) of Rule 600 provides that a defendant shall not be held in pretrial incarceration in excess of 180 days from the date on which the complaint is filed. *See* Pa.R.Crim.P. 600(B)(1). Subsection (D)(2) states, in pertinent part, that:

> [W]hen a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law.

Pa.R.Crim.P. 600(D)(2). For purposes of computing time under subsection (B), "only periods of delay caused by the defendant shall be excluded from the computation. Any other periods of delay shall be included in the computation." Pa.R.Crim.P. 600(C)(2).

_____

[6] According to "Lewis['] understanding," he was denied parole because of the pending Lehigh County charges. *See* N.T. Bail Hearing, 1/21/26, at 13-14.

This Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. ***Commonwealth v. Bishop***, 829 A.2d 1170, 1172 (Pa. Super. 2003). ***See also Commonwealth v. Carl***, 276 A.3d 743, 748 (Pa. Super. 2022) (citation omitted) (standard of review in evaluating Rule 600 issues is whether trial court abused its discretion). The "scope of review is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." ***Commonwealth v. Talley***, 265 A.3d 485, 527 (Pa. 2021). The trial court's denial of bail should be affirmed "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." ***Id.***

Although most of the decisions involving the application of Rule 600 pertain to the speedy trial provision in subchapter (A), the same principles would seem to apply when analyzing a subchapter (B) pretrial incarceration delay. Moreover, while the cases involving the application of subchapter (A) may be instructive, unlike Rule 600(A), Rule 600(B) does not on its face require a Commonwealth due-diligence analysis as to periods of delay. ***See Commonwealth v. Richardson***, 270 A.3d 1161, *11 (Pa. Super. 2021) (unpublished memorandum decision)[7] (comparing Rules 600(C)(1) and (2)

---

[7] ***See*** Pa.R.A.P. 126(b)(non-precedential decisions filed after May 1, 2019, may be cited for persuasive value).

and stating trial court's considerations of violations of Rules 600(A) and (B) are "distinct"); ***Commonwealth v. Yancey***, 334 A.3d 374 (Pa. Super. filed Jan. 13, 2025) (unpublished memorandum decision) (noting trial court aptly observed lack of significant guidance provided by Rule 600, its comments, and case law as to which party delays are properly attributable under Rule 600(B)); ***see also Commonwealth v. Jackson***, 339 A.3d 416 (Pa. Super. filed Apr. 17, 2025) (unpublished memorandum decision) (addressing excludable periods of delay under Rule 600(B)).

Instantly, Lewis argues that more than 180 days, not attributable to the defense, have passed since the Lehigh County criminal complaint was filed. Moreover, he relies on caselaw for the proposition that whether a defendant is actually released from incarceration or is held on another matter "does not implicate the mandatory requirements of Rule 600." Application for Nominal Bail, 3/9/26, at 2 (unpaginated), citing ***Commonwealth v. Murray***, 879 A.2d 309 (Pa. Super. 2005). Lewis also claims that his period of incarceration in another county does not constitute excludable delay where his whereabouts were known by the prosecution. ***See*** Application for Nominal Bail, 3/9/26, at 3, citing ***Commonwealth v. Martin***, 371 A.2d 903 (Pa. Super. 1977). Moreover, Lewis asserts that because he is no longer serving the Northampton County sentence, *all* time spent in pretrial incarceration must be counted towards the 180 days according to the dictates of Rule 600(C). ***Id.*** at 5; ***See*** N.T. Bail Hearing, 1/21/26, at 3-4, 11-12. Finally, Lewis submits that the issue of calculating credit for time served is not implicated in this case in that

he has not been sentenced in Lehigh County and is not seeking credit for time spent incarcerated on the Northampton County docket. *See* Application for Nominal Bail, 3/9/26, at 6; N.T. Bail Hearing, 1/21/26, at 11.

The trial court set forth the following timeline supporting its order denying release on nominal bail under Rule 600:

> [Lewis] entered a guilty plea on November 1, 2022[,] in Case No. 3046/2021 before the Honorable John M. Morganelli in Northampton County and was sentenced on January 18, 2023 in Case No. 3046/2021 before the Honorable John M. Morganelli in Northampton County. [Lewis] maxed out on his Northampton County case on July 16, 2025.
>
> On January 20, 2023, the Commonwealth filed a criminal complaint against [Lewis]. [Lewis'] preliminary hearing was scheduled for November 9, 2023. (50 Days)
>
> [Lewis'] preliminary hearing was continued due to an issue with the issuance of the writ. Consequently, the preliminary hearing was rescheduled to December 20, 2023. On December 20, 2023, the preliminary hearing could not proceed, as the courthouse was closed due to a maintenance issue. Thus, the preliminary hearing was rescheduled to January 9, 2024. (61 Days)
>
> Following the preliminary hearing held on January 9, 2024, an arraignment was scheduled for February 27 , 2024. (49 Days)
>
> After the arraignment on February 27, 2024, [Lewis] filed omnibus pretrial motions on March 28, 2024. (30 Days)
>
> An order denying [Lewis'] omnibus pretrial motions was filed by this court on July 29, 2024. (123 Excludable Days)
>
> A status conference was scheduled for September 10, 2024. (43 Days)
>
> At the status conference on September 10, 2024, [Lewis] requested a continuance to retain an expert in the within matter. Consequently, the status conference was rescheduled to November 12, 2024. (63 Excludable Days)

The status conference on November 12, 2024[,] was subsequently continued at [Lewis'] request until December 16, 2024. (34 Excludable Days)

At the time of the status conference on December 16, 2024, the status conference was continued and this court rescheduled the status conference to February 25, 2025. (53 Days)

At the time of the status conference on February 25, 2025, [Lewis] indicated that he wanted to proceed to trial, and a trial was scheduled for March 31, 2025. (52 Days)

On March 31, 2025, [Lewis] requested a continuance of the trial. The trial was rescheduled to May 12, 2025. (42 Excludable Days)

At the time of the trial listing on May 12, 2025, a continuance was requested and this court offered June 30, 2025[,] as a new trial date. (49 Days)

However, defense counsel requested a later trial listing, and trial in the within matter was scheduled [on] August 18, 2025. (49 Excludable Days)

In the interim, [Lewis] filed a pretrial motion to dismiss all charges based on a compulsory joinder claim on August 12, 2025. This court entered an order denying [Lewis'] motion to dismiss all charges on November 6, 2025. (80 Excludable Days)

Due to the filing of [Lewis'] motion to dismiss all charges based on a compulsory joinder claim on August 12, 2025, this court rescheduled the trial to November 3, 2025. As the decision on the pretrial motion had yet to be filed by that time, the matter was continued to November 10, 2025[,] for trial. (4 Excludable Days)

At the time of trial listing, [Lewis] requested a continuance, expressing his intent to file an interlocutory appeal. The appeal was filed on December 8, 2025. (28 Excludable Days)

[Lewis] filed the within motion for nominal bail on December 15, 2025. Argument relative to [Lewis'] motion to reduce bail was conducted before this court on January 21, 2026.

Trial Court's Statement of Reasons, 2/5/26, at 5-7 (unnecessary capitalization omitted). The court concluded that the period of time Lewis was serving on the Northampton County case sentence did not count toward a Rule 600(B)(1)

calculation because Lewis was not being held in pretrial incarceration *in the instant matter*. *Id.* at 4, 7. Additionally, the court analogized the bail issue to the principle that credit for time served cannot be received for the same period of pre-sentence incarceration as it relates to two different sentences in that the defendant would receive a windfall in sentencing for a completely unrelated crime. *Id.* at 8, citing *Commonwealth v. Merigris*, 681 A.3d 194, 195 (Pa. Super. 1996).

In its answer, the Commonwealth relies on the trial court's timeline of events, concluding that there were 484 excludable days[8] for Rule 600 purposes. *See* Commonwealth's Answer to Application for Bail, 4/13/26, at 7. The Commonwealth supports the trial court's rationale that the 180-day calculation under Rule 600 began the day Lewis maxed out his Northampton County sentence and distinguishes case law Lewis relies on, concluding that the time leading up to that point counted as incarceration pursuant to the Northampton County sentence, not pretrial incarceration for the instant matter. *Id.* at 8; N.T Bail Hearing, 1/21/26, at 7-9.[9] At the bail hearing, the

---

[8] The Commonwealth notes in its answer that the 20 days from December 20, 2023 through January 9, 2024, were also excludable, as the preliminary hearing was continued as a result of a "maintenance issue," and, therefore, was not delay attributable to the Commonwealth. *Carl*, *supra* at 750-51.

[9] The Commonwealth asserts that, in the event this Court concludes Lewis is eligible for nominal bail under Rule 600(B), the appropriate remedy would be to remand to permit the trial court to conduct an evidentiary hearing in order to make factual findings regarding the propriety of bail pursuant to Article I, Section 14 of the Pennsylvania Constitution. *See* Pa. Const. Art. I, § 14., n.2.
*(Footnote Continued Next Page)*

Commonwealth argued that based on excludable time attributed to the defense, Rule 600(B)(1) was not violated. *See* N.T. Bail Hearing, 1/21/26, at 6-11.

Upon review, we agree with the trial court's analysis of the instant matter. First, the cases cited by Lewis neither suggest nor hold that his time spent incarcerated in another county on another case should be counted toward pretrial incarceration on the instant matter. Here, the Commonwealth proceeded with its prosecution of Lewis despite his incarceration on the Northampton County case. *Cf. Martin*, *supra* (Commonwealth not diligent in bringing appellant to trial, where prosecutor knew appellant was in another county's prison, until almost four months after complaint filed; record showed almost total inaction on part of prosecution). Moreover, Lewis was not incarcerated in Lehigh County on the current charges until he maxed out his sentence in Northampton County. *Cf. Murray*, *supra* (where defendant was not free on bail, but was incarcerated on criminal charges pretrial, defendant's only remedy for exceeding 180 days of pretrial incarceration was nominal bail, not dismissal of charges).

_____

(nominal bail may be denied if "no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great"). However, since we conclude that the trial court properly denied Lewis' petition for bail as there was no Rule 600(B)(1) violation, we need not remand.

Accordingly, we conclude that the time Lewis spent serving his Northampton County case sentence does not count for purposes of pretrial incarceration in this case under Rule 600(B)(1). *See Commonwealth v. Laird*, 988 A.2d 618, 635 (Pa. 2010) (Rule 600 not implicated in case where appellant sought release on bail pending retrial on first-degree murder charge because appellant was still serving prison sentence for kidnapping and, thus, "was not 'incarcerated on that [murder] case,' but[,] rather, on the kidnapping case"). The instant result furthers the dual purpose of Rule 600—protecting a defendant's constitutional right to a speedy trial and society's countervailing right to effective prosecution of criminal cases, while simultaneously ensuring that the Commonwealth is held to the requirement that it exercise due diligence at all times during the pendency of a case. *Commonwealth v. Harth*, 252 A.3d 600, 617 (Pa. 2021). Because the clock for Rule 600(B)(1) did not begin to run until Lewis finished serving his Northampton County sentence on July 16, 2025, and was incarcerated pretrial on his Lehigh County case, there was no violation of Rule 600(B)(1).[10]

Viewing the facts from the bail hearing in the light most favorable to the Commonwealth as the prevailing party, we conclude that the trial court did

---

[10] Here, Lewis' mechanical run date, for purposes of Rule 600(B)(1), is January 12, 2026—180 days after his release from SCI-Fayette on July 16, 2025. Excluding the 374 days of delay caused by Lewis, *see* Pa.R.Crim.P. 600(C)(2), results in an adjusted run date of January 21, 2027. *See Commonwealth v. Ramos*, 936 A.2d 1097, 1103 (Pa. Super. 2007). Because Lewis' petition for nominal bail was filed before the adjusted run date, Rule 600(B)(1) is not implicated.

not abuse its discretion. ***Carl***, ***supra***. Because Lewis was not held in pretrial incarceration on the instant case for 180 days, he was not entitled to nominal bail. ***See*** Pa.R.Crim.P. 600(D)(2).

In light of the foregoing, and pursuant to ***N.E.M.***'s mandate to consider petitions for specialized review on their merits, we affirm the trial court's February 5, 2026 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/18/2026